### 115. DORSEY *v.* REDWINE.

1. B was convicted of a misdemeanor and fined forty dollars. He agreed with **A** that if **A** would pay his fine and clothe and feed him, he would work for him for ten months. This contract was made between A and B, and A paid for B the forty-dollars fine and ten dollars for clothing. C proposed to A that he would take his contract with B and pay him the amount of money which he had advanced to B, if B would consent to it. Both A and B agreed, and C thereupon gave his note for the amount of money which A had paid out for B, and B then worked for C for eight months. *Held,* that the note was valid. *Evans* v. *Griffin,* ante, 327.

2. No error of law was committed, and the evidence warranted the verdict.

Appeal, from Fayette superior court—Judge Reagan. March 20, 1906.

Argued February 18,—Decided April 25, 1907.

*Hugh M. Dorsey,* for plaintiff in error. *J. W. Wise,* contra.

HILL, C. J. In the superior court of Fayette county John Hightower was convicted of a misdemeanor and sentenced to pay a fine of $40. He made a contract with W. W. Redwine that if Redwine would advance him the money to pay this fine of $40, and would board and clothe him, he would work for Redwine ten months. When this contract was made, Redwine advanced to Hightower the $40 to pay his fine, and also furnished him some clothing and other things, valued at $10, making the total amount due Redwine by Hightower $50. A few days after this contract was made, J. M. Dorsey, the defendant in the court below (now plaintiff in error), entered into negotiations with Redwine for the services of Hightower, and Redwine agreed that if Dorsey would

pay him back the $50 which he had advanced to Hightower, and Hightower consented, he would transfer his contract to Dorsey. Hightower did consent, and Dorsey gave to Redwine his note or due bill for $50. Hightower went to work for Dorsey, and continued to work for six or eight months, when he quit work. The evidence was conflicting as to why he quit working for Dorsey, but it was not claimed that Redwine had anything to do with his quitting. Redwine sued Dorsey on the note for $50, in a justice's court, and, by consent, an appeal was entered to the superior court. A verdict was returned against Dorsey for the full amount of the note, with interest. He made a motion for a new trial, and assigns as error the judgment refusing the motion.

1. The principal defense set up was, that the transaction was illegal, contrary to public policy, and in violation of the constitution of the United States and the constitution and laws of this State. The evidence shows, that when John Hightower was convicted and sentenced for a misdemeanor in the State court, he was a minor, and that his brother, Jesse Hightower, who was not his guardian, made the contract for his hire, with Redwine; and it is insisted that this was the contract which Redwine transferred to Dorsey. The evidence also shows that John Hightower consented to the contract made with Redwine, and accepted the benefit of it. But the consideration of the contract made by Dorsey with Redwine was, that Dorsey would pay Redwine the amount of fifty dollars which he had advanced for the negro, and that if the negro consented to the arrangement, Dorsey would take Redwine's place, and the negro would work for Dorsey; and the negro did consent and did work for Dorsey six or eight months. We do not see that the alleged contract which the brother of John Hightower made with Redwine is at all material to be considered. Of course, any contract that his brother might have made for his hire would have been illegal. But John Hightower unquestionably had the right to contract with Redwine for the money with which to pay his fine, and agree to work for him ten months to pay him back. If Redwine had given his note to the solicitor-general or the sheriff to pay Hightower's fine of $40, and they had accepted it, it would have been legal and binding. *Blain* v. *Hitch*, 70 *Ga.* 275. The payment by Redwine of the $50 for the negro, Hightower, was the consideration for the debt which the negro owed him, and when

Dorsey, with the consent of the negro, took Redwine's place as the creditor of the negro, surely the $50 was a valid consideration for the note which Dorsey made to Redwine.

2. It was next insisted by Dorsey that the contract with Redwine was that the negro should work for Dorsey for the entire ten months, and he having failed to do so, the contract was void. We do not concur in this view, under the facts and circumstances of this case. We are inclined to think that Dorsey took the risk of the negro's working the entire ten months, just as Redwine had done when he made the advance of $50 to him. If the negro left Dorsey before the end of ten months, the utmost that Dorsey could have expected from Redwine would have been a deduction pro tanto from the face of the note. Indeed, it was claimed by Dorsey, in one of the pleas, that Redwine had agreed that in the event the negro left before the expiration of the ten months, he would furnish another laborer to take the negro's place for the unexpired term. Redwine denied that there was any agreement of this sort; and this issue was fully and fairly submitted to the jury by the court, and the verdict on this point was in accordance with the evidence in behalf of Redwine.

3. Several objections are made to certain portions of the charge of the court, but we do not think any of them are meritorious, under our view of the law that the note sued on, under the facts, was a valid contract and binding upon Dorsey. We think the charge of the court submitted the law of the case to the jury, and that the evidence warranted the verdict, and we therefore affirm the judgment refusing to grant a new trial.

*Judgment affirmed.*