### 125.  PARKER-FAIN GROCERY COMPANY *v.* ORR.

1. A, being unable to pay his debts, delivered all of his stock of merchandise to B, who agreed to sell the same and divide the proceeds equally among A's creditors. After B had sold the merchandise, and had mailed to A's creditors checks for their pro rata part of the money realized from the sale, he was served with summons of garnishment by one of A's creditors. It did not appear that when B was served he could have recalled the checks. *Held:* (*a*) B was under no legal duty to countermand the payment of the checks by the bank upon which they were drawn, it appearing that he had sent them to A's creditors

in good faith.  (*b*) In the absence of fraud or mistake, B could not countermand the payment of the checks by the bank without incurring liability to the payees or the bona. fide holders thereof.  (*c*) B was not liable as garnishee for any part of the debt represented by the checks, except the pro rata share of the debt due by A to the garnishing creditor, and which B had in his possession when served with the summons of garnishment.

Garnishment, from city court of Dublin—Judge Burch.  April 9, 1906.

Argued .February 19,—Decided April 25, 1907.

*Ira S. Chappell, W. C. Davis,* for plaintiff.

*John S. Adams, Williams & Blackshear,* for defendant.

HILL, C. J.  The Parker-Fain Grocery Company brought suit against L. L. Russell, in the city court of Dublin, on an account for $38, and had summons of garnishment issued and served on E. R. Orr.  The garnishee answered· the summons by denying indebtedness, and the plaintiff filed a traverse to the answer.  It was agreed that the judge, without the intervention of a jury, should try and determine the issue thus formed.  On the trial, the following facts were shown:  L. L. Braswell, being in failing circumstances and unable to meet his obligations, delivered to E. R. Orr all of his goods, with the verbal understanding and agreement that Orr should sell the same and divide the proceeds equally between his creditors.  The Orr-Smith Grocery Company, of which Orr was a member, was one of Braswell's creditors, but shared equally with the other creditors in the proceeds arising from the sale of Braswell's stock.   Orr received no consideration for his services, but undertook the trust solely for the purpose of realizing from the sale of the goods, in order that his firm, as well as the other creditors, could get as much as possible on their claims.  Orr sold the stock of goods, prorated the proceeds equally between all of Braswell's creditors, including the plaintiff, and mailed checks to each one of said creditors in payment of their pro rata share.  He had mailed all the checks to the creditors on the morning of the day on which he was served with summons of garnishment in the afternoon.  The ·money arising from the sale of Braswell's goods was in the bank ·to meet said checks.  When he had been served with the summons of garnishment, Orr took no steps to prevent the payment of the checks, either by attempting to recall the same, or by notifying the bank

not to pay them.  A check for nine dollars and a few cents, payable to the plaintiff, as its part of the proceeds arising from the sale of the stock of goods, was in Orr's hands when the garnishment was served, and was still held by him, and the money to pay the same was in the bank.  At the conclusion of this evidence, the court found in favor of the garnishee on the ground that no judgment had been shown by the plaintiff against the defendant, and refused a motion made by the plaintiff to reopen the case for the purpose of allowing him to introduce such judgment.  The plaintiff excepted to this refusal of the court, as an abuse of its discretion, and also excepted to the judgment in favor of the garnishee, on the ground that the judgment was without evidence to support it.

This being a trial of an issue made by the traverse to the garnishee's answer as to the fact of the indebtedness, it was not necessary for the plaintiff, in order to the determination of such issue, to show that he had obtained a judgment against the defendant.  If the issue had been determined in favor of the traverse, judgment against the garnishee would have been postponed until a judgment could have been obtained against the defendant, even if none had already been obtained.  Civil Code, §4551.  Under the facts in this case, we think that the finding should have been against the garnishee only for the nine dollars and some cents which he stated that he had in his possession at the time of the service of the summons of garnishment, as the pro rata part of the plaintiff's debt arising from the proceeds of the defendant's goods.  It did not affirmatively appear that the garnishee could have recalled the checks which he had mailed that morning to the other creditors of the defendant.  Indeed, under the facts of this case, we do not think he was in law or equity under any duty to recall the checks.  They were not given by him to the defendant as payee, but were sent in payment of debts of the defendant, and to creditors who had as much right to the payment of their debts as the garnishing creditor.  The garnishee, who was the drawer of the checks, might have instructed the bank upon which they were drawn not to pay them on presentation; but if he had done so he would have subjected himself to liability to the holders of the checks.  It is a general rule that under no circumstances can a garnishee by the opera-

tion of garnishment proceedings against him be placed in any worse condition than he would be in if the defendant's claim against him was enforced by the defendant himself. Drake on Attachments (7th ed.), sec. 462.

A check is an order to pay the holder a sum of money at the bank upon which it is drawn, on presentment of the check and demand for the money; and there is respectable authority in support of the position that the order of a drawer to the bank not to honor a certain check is no sufficient excuse to the bank for a refusal to pay the same when subsequently presented. And while we think the better rule is that the drawer has the right to countermand the payment of a check, he can only exercise this right at his own risk; and by its exercise he can not affect the validity of a check, unless procured from him by fraud or mistake, and he can not affect it at all in the hands of an innocent holder for value. To illustrate by the facts of this case: these checks were given, as before stated, not to the debtor of the garnishing creditor, but were given to other creditors of said debtor. It was not the drawer's funds in the bank upon which they were drawn, but was money arising from the sale of the debtor's property, and it belonged to his creditors. If the drawer had countermanded the payment by the bank, he would clearly have been liable to the holder of these checks.

It is true that a check is not the payment of a debt in one sense, but it is a conditional payment, and operates as a payment until the check is dishonored. Chitty on Bills (11th ed.), 356. Mr. Morse, in his excellent treatise on Banks and Banking (4th ed.), § 543, states the rule as follows: "The presumption is that a check is only intended as conditional payment, and if dishonored and the holder is not guilty of laches causing loss to the drawer, the latter is liable upon the original cause or debt for which the check was given, . . and a check is always so far payment, until dishonored, that, after its delivery, the drawer can not be garnished as debtor of the payee in respect to the debt for which the check is given." And the same author says (§ 545) that "a check given by a debtor in settlement of an account is so far payment as to discharge the drawer as trustee of the payee, service being made on him after giving the check but before presentment; the check is payment unless dishonored." See also Getchell *v.*

Chase, 124 Mass. 366; National Bank *v.* Indiana Banking Co., 114 Ill. 483; National Park Bank *v.* Levy, 19 L. R. A. 475.

It does not appear in this case but that all the checks had been received by the payees before the summons of garnishment had been served; but whether this be true or not, we are satisfied that at the time of the service of the summons of garnishment the garnishee was in no legal sense the debtor of the defendant in the suit; and if he had countermanded the payment of the checks by the bank, he would have become liable to the holders thereof.

The judgment in this case is reversed because the court erred in not sustaining the traverse to the garnishee's answer to the extent of the nine dollars which he admitted he owed the defendant at the time of the service of the summons of garnishment. This amount should be paid into court to be applied to whatever judgment the plaintiff may obtain against the defendant.

*Judgment reversed.*