### 217.  WATT-HARLEY-HOLMES HARDWARE CO. *v.* DAY.

1. Where a debtor sends by mail a check to pay a debt, the title to the check remains in the sender until it is received by the creditor, unless the creditor instructs the debtor to send a check by mail in settlement of the debt. In the latter case, the title to the check vests in the creditor or payee when the check is placed in the mail according to his instructions.

2. Therefore, where a check was mailed by a debtor, and it does not appear that it was done by direction of the creditor, the title to the check is in the sender until it is delivered to the payee creditor; and where summons of garnishment has been served on the sender of the check before it has left the post-office where mailed, and when the sender, under the regulations of the post-office, has the right to withdraw it from the mail, the debt represented by the check is subject to the garnishment process; and a judgment, under these facts, against the traverse filed to the garnishee's answer of no indebtedness, was erroneous.

Garnishment, from city court of Douglas—Judge Roan. January 28, 1907.

Submitted March 25,—Decided April 25, 1907.

*Lankford & Dickerson*, for plaintiff.

HILL, C. J. Watt-Harley-Holmes Hardware Company had a summons of garnishment served upon R. V. L. Day. Day filed his answers to the summons, denying indebtedness, and the hardware company traversed the answer. These proceedings were had in the city court of Douglas, and it was agreed that the judge of that court, without the intervention of a jury, should try the issue formed by the traverse of the garnishee's answer, on the following stipulation as to the facts: "That just before the time of the service of the summons of garnishment upon the said R. V. L. Day, garnishee, that he owed the said Martha Arbuthnot an amount of money greater than the said eighty-five dollars mentioned in the garnishment proceeding; and that about one hour before the service of said summons, said Day drew a check for the amount due the said Martha Arbuthnot, and enclosed said check in an envelope, which was properly stamped and addressed to the said Martha Arbuthnot, at Fitzgerald, Ga., in another county; that at the time of the service of the summons of garnishment upon said Day, he was at the court-house in Douglas, Ga., about one hundred yards from the post-office in which he deposited said letter, and about two hundred yards from the bank in Douglas, upon which said check was drawn; that the letter was deposited in the post-office about one hour before the service of said summons, and remained there about two hours after said service, before it was put in the regular mail to go to Fitzgerald, Ga., on said date; that said Day had money in the bank at Douglas, on which said check was drawn, sufficient to pay the said check; that he did not go to the post-office and call for said letter; neither did he go to the bank and request.

it not to pay said check; and that said check, through due course of mail, was received by Martha Arbuthnot at Fitzgerald, Ga., and presented to the bank at Douglas, and by them paid; that under the postal regulations and rules governing postmasters in their dealings with the United States mail, the said Day could have recalled said letter, and could have obtained it from the post-office, by proper application therefor, if he had so desired." Upon this agreed statement of facts, the judge found against the traverse of garnishee's answer, thereupon discharged the garnishee, and entered up judgment for costs against the plaintiff in garnishment. Error is assigned on this finding.

While it is true that the mere giving of a check is not a payment of the debt, it is always so far payment, until dishonored, that after its delivery the drawer can not be garnished as debtor of the payee, in respect to the debt for which the check was given. 2 Morse on Banks and Banking (4th ed.), §543. Before the check has been delivered to the payee, and while it is still in the custody or control of the drawer, it is revocable, and if summons of garnishment is served upon the drawer of the check while these conditions exist, it becomes his duty to revoke the check. In other words, before delivery of the check to the payee or to some person for him, the debt represented by the check is subject to garnishment process. Where a letter containing a check is sent by mail, the title to the check is in the sender until the check comes to the hands of the payee, unless the latter has requested the sender to forward the check to him by mail; in that case the title vests in the payee when the check is placed in the mail according to his instructions. 1 Morse on Banks and Banking (4th ed.), §395; Talbot *v.* Bank of Rochester, 1 Hill (N. Y.), 295; Graves *v.* American Exchange Bank, 17 N. Y. 208. Under agreement, a check may be given in absolute discharge of a debt, and the drawer will then be liable only as an indorser, and not on the original debt. 2 Morse on Banks and Banking, §§543, 546.

If therefore, the party to whom the check in this case was sent directed the sender to send it to her by mail, it became her property the moment it was deposited in the post-office, properly addressed and stamped, and the sender had no legal right to withdraw it from the post-office. Or if the payee had agreed to accept the check in payment of a debt which the drawer owed her, after the check

had been properly mailed the debt represented by it was not subject to garnishment, and the drawer of the check could properly answer that he did not owe the debt at the date of the service of summons upon him. None of these facts were shown in this case, but it appeared that the sender of the check, at the time of the service of the summons, still had title to the check, and the letter containing it was still subject to his control.

We agree with the learned judge of the trial court that the garnishee was under obligation to the defendant to pay her whatever he owed her, unless he was prevented from doing so by service of said summons of garnishment, and that he was under no obligation to the plaintiff. We do not think that garnishees are collecting agents for garnishing creditors, but their primary duty is to pay their own debts if they can legally do so. Neither do we think the garnishee in this case was under any legal obligation to countermand the payment of the check by the bank. Indeed, we do not think a garnishee can stop the payment of a check which he has given in payment of a debt, in the absence of fraud or mistake, without incurring liability to the holder of such check. But under the facts in this case, so far as they appeared, the title to the check was still in the drawer, and he could have withdrawn it from the post-office when the summons was served upon him.

For these reasons, we reverse the judgment of the trial court.

*Judgment reversed.*