2722.  BUTLER, STEVENS & COMPANY v. BARNES.

HILL, C. J.  1. Where the maker of a negotiable promissory note pays it to the original payee without requiring the production and surrender of the note, he is liable to pay it again to an innocent holder who acquired title to it in good faith and for value before maturity, unless the payee was the holder's general agent for the collection of the note and had special authority to collect it, or the money collected thereon in fact reached the hands of the holder of the note. *Bank of the University* v. *Tuck,* 96 *Ga.* 456 (23 S. E. 467). Especially is this true where at the time the maker of the note pays it to the original payee he has knowledge that it has been transferred by the payee to another for value and before maturity.

2. The evidence introduced by the defendant, as the maker of the note, that the original payee, to whom he had paid it, was either the general agent of the holder for the collection thereof, or was authorized specially to collect it, is insufficient for that purpose. Letters written by the holder to the original payee, who had transferred it to him by indorsement, demanding that the payee, as indorser, pay the note himself, or see to its payment by the maker, did not authorize the original payee to collect the note, nor protect the maker in paying it to the original payee without demanding the production and surrender thereof.

3. The holder of a note to whom a check is given for the purpose of paying the note is not required to surrender the note until the check is itself paid, unless there is an agreement that the check is received as payment of the note; for the receipt of a check, in the absence of an agreement, is not payment of a debt until the check is itself paid. Civil Code, § 3720; *Parker-Fain Grocery Co.* v. *Orr,* 1 *Ga. App.* 628 (57 S. E. 1074).

4. The holder of a note who receives from the original payee, who has indorsed it to him, a bank check for the purpose of paying the note is under no legal obligation to notify the maker of the note of the dishonor of the check.

5. The evidence, under the law applicable thereto, demanded a verdict for the plaintiffs. The refusal to grant their motion for a new trial was error.                                          *Judgment reversed.*

DECIDED JANUARY 17, 1911.

Complaint; from city court of Ocilla—Judge Oxford.  March 28, 1910.

*Travis & Travis, J. J. Walker,* for plaintiff in error.

*A. J. McDonald, H. J. Quincey,* contra.