# CASES

### DECIDED IN THE

# COURT OF APPEALS OF GEORGIA

##### AT THE

## OCTOBER TERM, 1913

---

### 5097.  KIRBY PLANING MILL COMPANY v. TITUS.

1. A bank check is not payment until it is paid, unless the payee accepts it as such; nor does a bank check drawn in the ordinary form operate as an assignment of any part of the fund standing to the credit of the drawer, until it has been accepted by the drawee.
2. Where a debtor delivers to his creditor a bank check drawn in the ordinary form and upon which is a notation that the check is to be accepted in full payment of the indebtedness, and the creditor declines so to accept the check, and erases from it the condition contained thereon, the mere retention by the creditor of the check in this altered condition will not prevent one of his creditors from attaching the debt by service of garnishment upon the original debtor.

DECIDED NOVEMBER 25, 1913.

Garnishment; from city court of Thomasville—Judge W. M. Hammond.  June 19, 1913.

*W. C. Snodgrass, J. H. Merrill,* for plaintiff in error.
*Roscoe Luke,* contra.

POTTLE, J.  The questions presented for decision in the present case arose upon the trial of a traverse to an answer of a garnishee. The evidence adduced upon the trial was substantially as follows: Titus had obtained a judgment against the Tallahassee Saw Mill Company for $1,500, and on July 23, 1912, caused summons of garnishment to be served upon the Kirby Planing Mill Company. The garnishee admitted that it was indebted to the principal defendant in the sum of $248.11, but claimed that the debt could not be reached by garnishment process, for the following reasons: The Tallahassee Saw Mill Company had claimed an indebtedness against

the Kirby Planing Mill Company of some $1,800. On June 7, 1910, the garnishee drew its check, payable to the order of the Tallahassee Saw Mill Company, for $248.11, endorsing thereon the statement that the check was in full settlement of all indebtedness due by the garnishee to the Tallahassee Saw Mill Company. That company received the check, drew a line through the endorsement that the check was to be in full settlement, and in this altered condition presented it to the bank for payment. The bank refused payment, and the check was protested on June 13, 1910. Subsequently suit was brought by the Tallahassee Saw Mill Company against the Kirby Planing Mill Company for about $1,800 on the account for which the check had been given in settlement. The defendant filed an answer admitting an indebtedness to the plaintiff of $248.11, and averred that this amount had been tendered to and declined by the plaintiff. This suit was dismissed by the plaintiff at the trial term and has never been renewed. After the service of the summons of garnishment the check was again presented to the bank, with the entry of acceptance in full settlement rewritten on the back of the check. The check was paid in this condition on November 16, 1912. It does not appear when the above-mentioned entry was made on the check. After the check was drawn, the garnishee never again had possession of it until it was returned by the bank as a paid voucher. When paid by the bank, it was paid under instructions from the garnishee. Titus, the garnishing creditor, testified that shortly after the garnishment was served, he stated to the officer of the garnishee in charge of its business that the purpose of the garnishment was to impound the balance of $248.11 owing by the garnishee to the principal defendant. The attorney for the Tallahassee Saw Mill Company testified that in November after the garnishment was served, an officer of that company came into his office and asked for the file in the case of the Tallahassee Saw Mill Company against the Kirby Planing Mill Company; that the file was delivered to this officer, and the attorney supposed the check was in the file as it had been with the other papers all the while. At that time this officer stated to the attorney that he would not accept the check in full settlement. It does not appear from the evidence just what day in November this conversation took place, but it evidently occurred before the check was paid on November 16. Upon this state

of facts the judge directed a verdict against the garnishee, and it excepted.

If at the time of the service of the summons of garnishment, the garnishee was indebted to the principal defendant, and if payment of the debt to the garnishing creditor would result in no injury to the garnishee, by subjecting it to further liability, the direction of the verdict in plaintiff's favor was proper. It was undisputed that at the time of the service of the summons of garnishment, the garnishee owed the principal defendant $248.11. It is insisted, however, that because the garnishee had some two years before given a check to its creditor and this check had not been returned at the time the summons was served, but was still in the possession, custody, and control of the creditor, the garnishee was not bound to countermand the check or instruct the bank not to pay it, but could successfully defend by showing the drawing and delivery of the check. The plaintiff in error relies upon the cases of *Parker-Fain Grocery Co.* v. *Orr,* 1 *Ga. App.* 628 (57 S. E. 1074), and *Watt-Harley-Holmes Hardware Co.* v. *Day,* 1 *Ga. App.* 646 (57 S. E. 1033). Without undertaking to discuss all of the propositions announced in the opinions in these two cases, it is sufficient to say that neither of the cases is upon its facts parallel with the instant case. In the case first cited the garnishee had, prior to the service of garnishment, delivered to a third person a stock of merchandise, to sell and divide the proceeds equitably among the garnishee's creditors. The agent sold the goods and delivered checks to the various creditors in payment of their debts. It was held that the agent was under no legal duty to countermand the payment of the checks by the bank upon which they were drawn. It is apparent that the case now in hand is entirely different upon its facts from that case. There the agency of the garnishee had terminated, and the fund which he was controlling for the benefit of creditors had been deposited in bank and checks drawn thereon delivered to the creditors. It was merely held that the relation of the agent to the transaction was such that he could not be compelled to countermand the checks for the benefit of the garnishing creditor. Some of the language of the opinion in the case of *Watt-Harley-Holmes Hardware Co.* v. *Day,* supra, does furnish at least colorable ground for the contention of the plaintiff in error, but it was held, under the facts of that case, that the garnishee was liable,

it appearing that the summons of garnishment had been served on the sender of the check before the check had left the 'post-office where it was mailed, and at a time when the sender had the right to withdraw the check from the post-office. It is true that in discussing the case the Chief Judge said that, if the creditor had requested that the check be sent by mail, the sender of the check could not have withdrawn it, and the title to the check would have vested in the payee when the check was mailed according to his instructions. Further language of the opinion indicates that after delivery of the check to the payee, the debt represented by the check would not be subject to garnishment process. All this, however, was obiter, and upon further reflection we are not prepared to hold that there are no circumstances under which a debt can be reached by process of garnishment after a check for the amount of the indebtedness has been delivered to the creditor. "Bank-checks and promissory notes are not payment until themselves paid." Civil Code, § 4314; *Butler* v. *Barnes, 8 Ga. App.* 513 (69 S. E. 923) ; *Holland* v. *Mutual Fertilizer Co., 8 Ga. App.* 714 (70 S. E. 151). A check which has not been accepted by the drawee and which does not describe any particular fund or use words of transfer of the whole or any part of any amount standing to the credit of the drawer is neither a legal nor an equitable assignment of the money standing to the credit of the drawer. In such a case the payee would have no right of action against the drawee until after acceptance by the latter. *Reviere* v. *Chambliss,* 120 *Ga.* 714 (48 S. E. 122). The check delivered by the garnishee in the present case not having been accepted as payment, and not constituting an assignment of any part of a fund standing to the garnishee's credit in the bank, the garnishee was indebted to its creditor until the check was either paid or accepted as payment. Neither had been done at the time of the service of the summons of garnishment. The garnishee answered that it was not indebted, and the undisputed evidence showed that it was indebted. Moreover, the evidence not only failed to show that the check had been accepted as payment, but affirmatively showed that the garnishee's creditor had refused to accept the check at all upon the terms on which it was tendered. The condition noted upon the check was stricken, and, in this altered state, payment of the check was refused by the bank. Thereafter, suit was brought by the creditor against

the garnishee for the full amount claimed to be due. This suit was dismissed at the trial term, but it was not until after the summons of garnishment was served that the creditor indicated its willingness to accept the check in full payment. It is fairly inferable from the testimony of Mr. Luke, who was of counsel for the Tallahassee Saw Mill Company, that the decision of that company to accept the check in full settlement was not reached until after the summons of garnishment had been served. We are referred to the statement of the law in 20 Cyc. 1008, to the effect that where a check is made payable upon a condition, it can not be reached by garnishment process prior to the fulfilment of the condition. This principle has no application here. The citations in support of the text indicate its meaning to be merely that a check not due absolutely, but to become due upon a condition or contingency, is not to be regarded as evidence of a debt, until the fulfilment of the condition or the happening of the contingency. See Greenway v. Wilmarth, 12 Metc. (Mass.) 12; Burke v. Whitcomb, 13 Vt. 421. If this rule has any application at all in the present case, it operates against the contention of the plaintiff in error, because under no view of it could the debt due by the garnishee be regarded as satisfied until the check had been accepted by its creditor upon the condition upon which it was delivered. There was no denial by the garnishee that it owed the principal defendant at least the amount of $248.11, and the only issue between these parties was as to whether the garnishee owed any larger amount.          *Judgment affirmed.*