### 6275.  ANDREWS *v.* SASSER.

WADE, J.  1.  A certain amount of money was placed on deposit in a bank to the credit of the garnishee, by the debtor, and upon notice of the deposit the garnishee drew his check against the bank for the entire amount deposited, making the check payable to a creditor of the debtor, and delivering it to the payee, in order that this creditor might draw out the entire fund, pay himself therefrom the amount of his claim against the debtor, and deliver over to the debtor the remainder. At 9 o'clock on Saturday night after the issuance and delivery of the check (which was delivered on the morning of the preceding day), the garnishee, then confined to his bed by illness, was served with a summons of garnishment in favor of the plaintiff,—another creditor of the said debtor. The person in whose favor the check was drawn presented it for payment on Monday morning, as soon as the bank opened for business, it was duly paid by the bank, the amount due him by the debtor retained by the payee, and the balance delivered to the said debtor. There was no evidence tending to show that when the garnishee was served with the summons of garnishment he could have recalled the check. *Held:*

(*a*) The garnishee was under no legal duty to countermand the payment of the check by the bank upon which it was drawn, it appearing that he

had delivered the check to a creditor of the debtor in good faith prior to the service of the summons of garnishment upon him.

(b) In the absence of fraud or mistake, the garnishee could not countermand the payment of a check by the bank without incurring liability to the payee or the bona fide holder thereof.

(c) Under the facts in the record, the garnishee was not liable for the debt represented by the check. See *Parker-Fain Grocery Co.* v. *Orr,* 1 *Ga. App.* 628 (57 S. E. 1074).

2. The burden resting upon the plaintiff to sustain the traverse to the answer of the garnishee was not carried, the verdict against the garnishee was without evidence to support it, and the court erred in overruling the motion for a new trial.       *Judgment reversed.*

DECIDED JANUARY 20, 1916.

Garnishment; from city court of Blakely—Judge Sheffield. November 24, 1914.

*B. W. Fortson,* for plaintiff in error.

*Erle B. Askew,* contra.