### 20370. McIntire *et al. v.* Raskin.

Jenkins, P. J. 1. In answer to a summons of garnishment, "the garnishee shall file his answer stating what amount he was indebted to the defendant, or what effects he had in his hands belonging to defendant, at the time of the service of such summons, and what he has become indebted to the defendant, or what effects have come into his hands belonging to the defendant, between the time of the service of such summons and the making of his answer." Civil Code (1910), § 5281.

2. Under the ruling of this court in *Watt-Harley-Holmes Hdw. Co.* v. *Day,* 1 *Ga. App.* 646 (57 S. E. 1033), where a summons of garnishment has been served upon the voluntary sender of an ordinary check before it has left the post-office where mailed, and when the sender, under the postal regulations, has the right to withdraw and could have withdrawn it from the mails, the debt represented by the check is subject to the garnishment process. See also, in this connection, *Kirby Planing Mill* v. *Titus,* 14 *Ga. App.* 1 (2) (80 S. E. 18); *Parker-Fain Grocery Co.* v. *Orr,* 1 *Ga. App.* 626 (57 S. E. 1074); *Andrews* v. *Sasser,* 17 *Ga. App.* 482 (87 S. E. 717).

3. Where a check, at the instance of the *payee,* is certified by the bank upon which it is drawn, the bank becomes solely responsible, and the drawer is discharged from liability (Ga. L. 1924, pp. 126, 163; Michie's Code (1926), § 4294 (188)); but the rule is different where the drawer, before delivery of the check, himself procures the certification of the check by the bank upon which it is drawn. In such case, prior to its delivery, the relations, duties, and obligations between the drawer and the payee · remain the same. After its delivery the bank becomes primarily liable, while the liability of the drawer becomes secondary. Thus, while under the negotiable-instruments act (Michie's Code, 1926, § 4294 (189), the certification of a check, even if procured by the drawer, amounts to an assignment of the fund in the sense that it operates to withdraw it from the deposit account of the drawer, the mere fact of such certification by the drawer does not, before · delivery of the check, operate as an assignment of the fund to the payee. On the contrary, the sum thus charged against the drawer's checking account remains as a special liability against the bank in favor of whoever owns and controls the check. So long as the drawer continues to own the check by reason of its nondelivery, he is entitled to control it, and may surrender it to the bank for cancellation. 5 R. C. L. p. 528, § 48.

4. Under the foregoing rulings, the mere voluntary deposit in the mail by a debtor of a check certified at his own instance, would not operate as a payment of the debt to the payee, and while the check remained in the post-office at which it was mailed, subject to being reclaimed by the sender, the debt represented by the check was subject to the process of garnishment. A contrary ruling is not required on the theory that the drawer, by recovering the check from the post-office, would become the mere custodian of a chose in action in favor of the payee and against a third person, the bank, so as to render him immune to the process of garnishment (*Groves* v. *Bibb Sewer Pipe Co.*, 149 *Ga.* 542 (101 S. E. 190); Drake on Attachments (7th ed.), § 481), since the possession of the undelivered certified check operated to continue the drawer as owner and controller of the check, and therefore of the fund left with the bank for its payment.

5. The court did not err in overruling the demurrer of the garnishees to the traverse of their answer, and in thereafter entering judgment for the plaintiff. *Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED NOVEMBER 15, 1930.

*F. H. O'Connor, McIntire, Walsh & Bernstein,* for plaintiffs in error.

*Jacob Gazan,* contra.