McINTIRE *et al. v.* RASKIN.

748

*McIntire, Walsh & Bernstein,* for plaintiffs in error.
*Jacob Gazan,* contra.

Hines, J.   This case is in this court upon the grant of certiorari to review a judgment of the Court of Appeals.   The facts upon which this judgment rests are clearly and fully set out in the report of the decision of the Court of Appeals.   42 *Ga. App.* 303 (155 S. E. 799).   It is alleged that the Court of Appeals erred in affirming the judgment of the trial judge overruling the demurrer of the garnishees to the traverse of their answer, and erred in the rulings stated in the second and third divisions of its opinion.

■   We deal first with the assignment of error upon the ruling set out in the second division of the opinion of the Court of Appeals.   That ruling is that "where a summons of garnishment has been served upon the voluntary sender of an ordinary check before it has left the post-office where mailed, and when the sender, under the postal regulations, has the right to withdraw and could have withdrawn it from the mails, the debt represented by the check is subject to the garnishment process."   This ruling is a reiteration of the ruling by the Court of Appeals in *Watt-Harley-Holmes Hardware Co.* v. *Day,* 1 *Ga. App.* 646 (57 S. E. 1033.).

It is well settled in this State that an unaccepted check drawn in the usual form, not upon any particular fund, or not using words indicating a transfer of the whole or any part of the amount standing to the credit of the drawer, does not amount to an assignment of the money to the credit of the drawer.   *Baer* v. *English,* 84 *Ga.* 403 (11 S. E. 453, 20 Am. St. R. 372) ; *Haas* v. *Old National Bank,* 91 *Ga.* 307 (18 S. E. 188) ; *Georgia Seed Co.* v. *Talmadge,* 96 *Ga.* 254 (2) (22 S. E. 1001) ; *Talladega Mercantile Co.* v. *Robinson,* 96 *Ga.* 815 (22 S. E. 1003) ; *Reviere* v. *Chambliss,* 120 *Ga.* 714 (48 S. E. 122) ; *Bank of Hamilton* v. *Williams,* 146 *Ga.* 96 (90 S. E. 718).   This principle has been embodied in our negotiable-instruments law.   By section 189 of that law it is provided that "A check of itself does not operate as an assignment of any part of the funds to the credit of the drawer with the bank,

and the bank is not liable to the holder unless and until it accepts or certifies the check." Ga. Laws 1924, p. 163; 12 Park's Code, § 4284(6). As an ordinary check in this State does not amount to an assignment of the funds of the drawer in the bank sufficient to pay it, it does not take precedence over a subsequent garnishment of the deposit upon which it is drawn. *Trustees of Howard College* v. *Pace,* 15 *Ga.* 486; *Mayer* v. *Chattahoochee National Bank,* 51 *Ga.* 325; *Bluthenthal* v. *Silverman,* 113 *Ga.* 102 (38 S. E. 344); *Jackson* v. *Gallagher,* 128 *Ga.* 321, 327 (57 S. E. 750); 28 C. J. 108 (§ 148) (e). The principle of law announced in *Watt-Harley-Holmes Hardware Co.* v. *Day,* supra, is not applicable under the facts of this case, for two reasons. In the first place this check was not drawn on funds belonging to the drawers to pay or discharge a debt which they owed the payee, but was issued for the purpose of transmitting to the payee funds which belonged to him, the same being funds collected by the attorneys and held by them for their client, the payee. In the second place the check had been accepted by the drawee; and this made the drawee primarily liable to the payee for the amount thereof.

But in this case we are not dealing with an ordinary check drawn by a depositor generally upon his funds on deposit in the bank on which the check is drawn. We are dealing with a check so drawn and certified by the bank at the instance of the drawer. In the third division of its decision in this case the Court of Appeals held that where the drawer, before delivery of the check, himself procures its certification by the bank upon which it is drawn, the mere fact of such certification at the instance of the drawer does not, before delivery of the check, operate as an assignment of the funds of the payee, and that so long as the drawer continues to own the check by reason of its non-delivery he is entitled to control it, and may surrender it to the bank for cancellation. We are of the opinion that this ruling was erroneous under the facts of this case. The case at bar is not one in which an ordinary check was drawn by the drawer on his own funds in bank, in favor of the payee in payment of a debt or other obligation of the drawer to the payee, and was transmitted by mail to the payee. When a check is certified by the bank on which it is drawn, the certification is equivalent to an acceptance. Ga. Laws 1924, p. 163; 12 Park's Code, § 4284(4). When the bank certified this check,

it was its duty immediately to charge the amount thereof to the drawers. Ga. Laws 1919, pp. 135, 207; 8 Park's Code, § 2280 (kk). In the absence of anything to the contrary, it will be presumed that this was done, and that funds of the drawers sufficient to pay this check were withdrawn from their account and credited to the check or to the holder thereof. In these circumstances the certification and acceptance of the check amounted to an assignment of so much of the funds of the drawers in the bank as were necessary to pay this check. As we have seen, an ordinary check of itself does not operate as an assignment of any part of the funds to the credit of the drawer in the bank, and the bank is not liable to the holder unless and until it accepts or certifies the check. This necessarily means that the acceptance or certification of the check operates as an assignment of the funds to the credit of the drawers with the bank, sufficient to pay the check accepted or certified. The fact that the check was certified at the instance of the drawers and before delivery does not alter the principle just announced. If this check had been certified at the instance of the payee, the bank would have become the absolute debtor of the holder, and the drawers would have been released. In such circumstances the check would be regarded as paid as between the drawers and the holder. 7 C. J. 706 (§ 435) (c); 128 A. S. R. 696, note III. When a check has been certified at the request of the payee, since it operates as an immediate payment from the funds of the drawer, this deprives the payee of the right to order payment stopped. National Commercial Bank v. Miller, 77 Ala. 168 (54 Am. R. 50); Meridian National Bank v. First National Bank, 7 Ind. App. 322 (52 Am. St. R. 450, 33 N. E. 247, 34 N. E. 608); Times Square Automobile Co. v. Rutherford National Bank, 77 N. J. L. 649 (73 Atl. 479, 134 Am. St. R. 811); Freund v. Importers &c. National Bank, 76 N. Y. 352; Carnegie Trust Co. v. First National Bank, 213 N. Y. 301 (107 N. E. 693, L. R. A. 1916C, 186). As this check was certified at the request of the drawers, the effect was to assure the persons afterwards receiving it that it was genuine and would be paid. In such case the bank and the drawer both would be bound, the bank being primarily and the drawers secondarily liable. The drawers would only be liable on the failure of the bank to pay the check. 7 C. J. 708 (§ 436) (2), note 89, and cit. The fact that the check was certified at the instance of the drawers

and before delivery would not operate to defeat the assignment of so much of the funds of the drawers in the bank as would be necessary to pay the check. When such a check was delivered, it amounted to an assignment of so much of the funds of the drawers as were necessary to pay the same.

■ The Court of Appeals treated the check involved in this case as undelivered at the time the summons of garnishment was served upon the drawers. This makes it necessary for us to determine whether this check had been delivered before the summons of garnishment was served upon the drawers. By section 16 of our negotiable-instruments law, "Every contract on a negotiable instrument is incomplete and revocable until delivery of the instrument for the purpose of giving effect thereto." Ga. Laws 1924, p. 130. By section 191 of this law delivery of a check means the transfer of its possession from the drawers to the payee; and such transfer may be actual or constructive. Ga. Laws 1924, p. 164. This is but a statement of the common law prior to the adoption of this act. *Hansford* v. *Freeman,* 99 *Ga.* 376, 379 (27 S. E. 706); *Reese* v. *Fidelity Mutual Asso.,* 111 *Ga.* 482, 485 (36 S. E. 637); 8 C. J. 203 (§ 333) A. Delivery may be made by mail. "Payment by post is at the risk of the sender, unless done by direction, either express or implied, of the creditor or his agent." Civil Code (1910), § 4313. This section refers to the remittance of coin or currency which constitutes legal tender under the law. It clearly recognizes the right of a party to remit money by mail to his creditor in payment of a debt, the debtor assuming the risk unless done by direction, express or implied, of the creditor or his agent. For a debtor to protect himself against loss by remitting money to his creditor by mail, he must show either the express authority of the creditor to send in that mode, or usage to that effect in business, from which the creditor's authority may be inferred. *Morton* v. *Morris,* 31 *Ga.* 378. Clearly, if a debtor can remit money by mail to his creditor, the debtor assuming the risk unless the remittance is made with the assent of the creditor, he can transmit a certified check by mail at his risk.

The general rule is that depositing a note in the post-office addressed to the payee with his assent is a sufficient delivery thereof. Loud *v.* Collins, 12 Cal. App. 786 (108 Pac. 880); Trego *v.* Cunningham, 267 Ill. 367 (108 N. E. 350). By depositing a note in

the mail with the intent that it shall be transmitted to the payee in the usual way, the maker parts with his dominion and control over it, and the delivery is in legal contemplation complete. 3 R. C. L. 860, § 41; Garrigue v. Kellar, 164 Ind. 676 (74 N. E. 523, 108 Am. St. R. 324, 69 L. R. A. 870); Barrett v. Dodge, 16 R. I. 740 (19 Atl. 530, 27 Am. St. R. 777); Kirkland v. Bank, 2 Coldw. (Tenn.) 397; Household &c. Ins. Co. v. Grant, L. R. 4 Exch. 236; MacLay v. Harvey, 90 Ill. 525 (32 Am. R. 35); Trego v. Cunningham, supra; Canterbury v. Sparta Bank, 91 Wis. 53 (64 N. W. 311, 51 Am. St. R. 870, 30 L. R. A. 845). By parity of reasoning, when a certified check is inclosed in a letter and is deposited in the mails, with the intent that both shall be transmitted to the payee in the usual way, the drawer of the check parts with his dominion and control over it, and the delivery is in legal contemplation complete. In such circumstances delivery to the post-office is delivery to the payee of the check. When the certified check was delivered to the payee by posting a letter containing it, the drawers thereof had no right to withdraw it. The check had become by delivery the property of the payee. Certainly they could not do this unless it was necessary to protect some right of their own. In such situation the drawers were under no legal duty to countermand the payment of the certified check, if it had been certified at their instance in good faith and had been delivered. Besides, the drawers could not countermand the payment of the check without incurring liability to the payee or to a bona fide holder thereof. In such circumstances the drawers were not liable as garnishees for any part of the debt represented by the certified check. *Parker-Fain Grocery Co.* v. *Orr,* 1 *Ga. App.* 628 (57 S. E. 1074). The issuance by a bank of a certified check to a depositor prevents garnishment of the fund in a suit by a third person against the depositor. Causey v. Eiland, 175 Ark. 929 (1 S. W. (2d) 1008, 56 A. L. R. 529). A certified check has a distinctive character as a species of commercial paper, and constitutes a new contract between the holder and the certifying bank. The funds of the drawer are, in legal contemplation, withdrawn from his credit and appropriated to the payment of the check, and the bank becomes the debtor of the holder as for money had and received. National Commercial Bank v. Miller, supra; Merchants & Planters Bank v. New First National Bank, 116 Ark. 1 (170 S. W. 852, Ann. Cas. 1917A, 944).

It is true that the drawer of a check which has been certified at his request, before delivery, may recall and countermand the same and require the certifying bank to refuse payment to the payee named therein, if the payee obtain the check by a fraud perpetrated upon the maker, or there be some other good reason to do so to protect the rights of the drawer. Sutter *v.* Security Trust Co., 96 N. J. Eq. 644 (126 Atl. 435, 35 A. L. R. 938). The mere certification does not pass title to the funds called for to the payee, and at any time before actual or constructive delivery the drawer, at whose instance the check was certified, may return the check to the bank and procure its cancellation, if necessary to protect his interest. Buehler *v.* Galt, 35 Ill. App. 225. There is no pretense that there was any fraud or wrong perpetrated upon the drawers of this check by the payee. This being so, the drawers could not countermand this check and call upon the bank to cancel its certification. But it is insisted by counsel for the garnishing creditor that when the garnishees were served with the summons of garnishment in this case, when their letter inclosing this check to the payee was still in the post-office at Savannah, it was their duty to withdraw it from the mail under the postal laws and regulations of the United States then in force. One of these regulations of the Post-Office Department is that "After mail matter has been deposited in a post-office it shall not be withdrawn except by the sender, or, in case of a minor child, by the parent or guardian duly authorized to control the correspondence of the writer." Another of these regulations is that "When request is made for the withdrawal of any mail matter, the postmaster shall ascertain whether the person making the request is entitled to such matter. The applicant must be required, if necessary, to exhibit a written address in the same handwriting as that upon the matter sought to be withdrawn, and such description of the matter, or other evidence, as will identify the same and satisfy the postmaster that the applicant is entitled to withdraw it." We have seen that the right to countermand a certified check does not exist after delivery thereof to the payee, and that delivery of such check to the post-office is delivery to the payee. In this situation the attorneys had no right to take the letter inclosing this check from the post-office, and to countermand the payment thereof by the bank.

Under the facts appearing in the record, we are of the opin-

ion that the garnishees are not liable to the garnishing creditor. It is not so much a question of assignment of funds by a debtor to his creditor as the remittance of funds collected by attorneys for a client to the latter. The transaction does not amount to an assignment of funds of the drawers to the payee of this check. The funds were not those of the drawers, but those of the payee. The purpose of the drawers of this check was to remit these funds to their client in Atlanta. This they were morally and legally bound to do. Attorneys at law can remit to clients at a distance collections made for these clients, by checks drawn on their banks. If they see fit, they can have such checks certified. In this case the attorneys made a collection for their client living in Atlanta, nearly 300 miles distant from Savannah, where the attorneys reside and made the collection. In order to remit this money to their client they issued a check payable to him. They procured their bank to certify this check. They then inclosed this check with a letter in an envelope, properly addressed, with the necessary postage paid, to their client in Atlanta, and then deposited it in the mails. This was all done before the summons of garnishment was served upon them. There is nothing in the facts to show that this was not done in good faith. In the circumstances this transaction amounted to a satisfaction or payment of the obligation of the attorneys to their client for the money collected; and the attorneys were not thereafter liable to the process of garnishment at the instance of the garnishing creditor. So we remand this case to the Court of Appeals for further action in accordance with our rulings set out above. *Judgment reversed. All the Justices concur.*