A04A0442. BAKER v. HOUSING AUTHORITY OF THE CITY OF WAYNESBORO.

(601 SE2d 350)

MIKELL, Judge.

In this dispossessory action, Tomeka Baker appeals the trial court's grant of summary judgment to the Housing Authority of the City of Waynesboro (the "Housing Authority") and the denial of her motion for summary judgment. We affirm.

> In reviewing a grant or denial of summary judgment, this Court conducts a de novo review of the evidence. To prevail at summary judgment under OCGA § 9-11-56 (c), the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmovant, warrant judgment as a matter of law.[1]

The undisputed facts show that Tomeka Baker entered into a lease agreement with the Housing Authority on September 10, 2001, to reside at 405 Hill Street, Wrens, Georgia, which is a public housing complex that is owned and operated by the Housing Authority. Baker's rent is subsidized, and she is required to pay $17 per month. The Housing Authority filed a dispossessory action against Baker, alleging that she failed to pay rent in July and August 2002, after having already been in "lease termination status" twice in the previous 12 months. Baker maintains that she paid her July 2002 rent timely by mailing it on Wednesday, July 10, 2002, but that it was refused, as was her August payment.

The Housing Authority and Baker filed cross-motions for summary judgment. The trial court granted the Housing Authority's motion and denied Baker's, stating in both orders that the only issue in dispute was whether the rent payment that Baker mailed on July 10, 2002, was timely made. The trial court concluded that Baker's

---

[1] (Punctuation and footnotes omitted.) *Lager's, LLC v. Palace Laundry, Inc.*, 247 Ga. App. 260-261 (543 SE2d 773) (2000).

rent was late. On appeal, Baker enumerates several errors that pertain to the timeliness of her rent payment, which we address simultaneously below.

The construction of a lease is generally a question for the court to determine as a matter of law.[2] However, "[w]here the language of a contract is clear, unambiguous, and capable of only one reasonable interpretation, no construction is necessary or even permissible. The existence or non-existence of ambiguity is always a question of law for the court."[3] Baker argues that genuine issues of material fact remain because the Housing Authority's policy on accepting payment by mail is unclear. Having reviewed the lease contract, we disagree.

The pertinent section of the lease provides:

> Rent is due and payable in advance, without notice, during normal business hours on the first working day of each month and is delinquent if not paid by the close of business (5:00 p.m.) on the tenth day of the same month (unless the tenth day is Saturday, Sunday or legal holiday in which case the rent is delinquent unless received in the Management Office by the close of business (5:00 p.m.) on the next working day). Payment of the monthly rent after the 10th of the month will be accepted by the Management ONLY TWICE in any 12 month period but no later than the 20th of the month (unless the twentieth day is Saturday, Sunday or legal holiday in which case the rent must be received in the Management Office by the close of business (5:00 p.m.) on the next working day). Failure to pay rent as specified above or a third failure to pay the rent on or before the 10th day of the month is a serious and material violation of the lease and will result in written notice to the Tenant of the cancellation of the lease.

Though the lease contract does not specifically state that the rent is to be paid and received by 5:00 p.m., "paid" does not mean "tendered," and "[i]n contracts, words generally bear their usual and common signification."[4] Payment is defined as

> [t]he fulfillment of a promise, or the performance of an agreement. . . . In a more restricted legal sense payment is the performance of a duty, promise, or obligation, or discharge of

---

[2] *Dept. of Transp. v. Calfee Co. of Dalton*, 202 Ga. App. 299, 301 (1) (414 SE2d 268) (1991).

[3] (Citations omitted.) *Stern's Gallery of Gifts v. Corporate Property Investors*, 176 Ga. App. 586, 593 (4) (337 SE2d 29) (1985).

[4] (Punctuation and footnote omitted.) *Eckerd Corp. v. Alterman Properties*, 264 Ga. App. 72, 74-75 (1) (589 SE2d 660) (2003), citing OCGA § 13-2-2 (2).

a debt or liability, by the delivery of money or other value by a debtor to a creditor, where the money or other valuable thing is *tendered and accepted* as extinguishing debt or obligation in whole or in part.[5]

Further, the terms "normal hours of business" and "by 5:00 p.m." also imply that receipt of the rent is necessary, rather than just its tender. Therefore, payment means tender and acceptance, absent a contract or course of conduct indicating otherwise.

Likewise, payment by mail is not sufficient unless the contract expressly permits it or it has been permitted through course of conduct.[6] Pursuant to OCGA § 13-4-41, the debtor who nevertheless chooses to render payment by mail accepts the risks attendant thereto. These risks are not limited to simply the risk of nondelivery, but all potential risks, including the risk of nonacceptance by the creditor due to contract or course of dealing.

The grant of summary judgment to the Housing Authority was appropriate because there was no dispute that the Housing Authority accepted timely mailed payments; that Baker failed to pay her rent timely on at least two prior occasions within the twelve months preceding the payment at issue, and that Baker mailed the payment in dispute on July 10, 2002. At the very least, this was Baker's third late payment within 12 months, and the lease provided that written notice of its cancellation would be given to the tenant after three late payments.[7]

Baker argues that a genuine issue of material fact as to the Housing Authority's rent acceptance policy is created by a conflict between the affidavit of Brent Meeks, who is the Housing Authority's executive director, and a September 2002 newsletter, which she claims was sent by the Housing Authority to all of its tenants.[8] Meeks averred that "[r]ent is not received until it is physically received by a person representing Plaintiff. Plaintiff has never counted the date of mailing as the date of receipt." The newsletter stated, in pertinent part, that "[r]ent is due by the 1st of the month and no later than the 10th. If you are mailing in your rent, be sure it is postmarked by the 9th not the 10th or your rent will be considered late."

---

[5] (Emphasis supplied.) Black's Law Dictionary (5th ed. 1979), p. 1016.

[6] *McIntire v. Raskin*, 173 Ga. 746, 751 (3) (161 SE 363) (1931).

[7] There was undisputed evidence that Baker failed to pay her rent timely in November and December 2001, and in April 2002. The letter notifying Baker of the first two late payments was included in the record as well as the Housing Authority's voluntary dismissal of the dispossessory action filed against her after the April late payment.

[8] There was no evidence that the newsletter was composed or distributed by an official or authorized agent of the Housing Authority.

Both of these documents are consistent with the lease agreement. Baker argues, however, that when read together, they create an ambiguity because the newsletter implies that rent will be accepted whenever received as long as it is postmarked by the ninth of the month, which is inconsistent with Meeks' statement that the rent is not "received" until physically received. We see no inconsistency or ambiguity requiring the reversal of the trial court's judgment. Even if we assume, arguendo, that the newsletter was an official document of the Housing Authority, it has no bearing on Baker's claim because her rent payment was undisputedly mailed on the tenth and received sometime thereafter.

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED MAY 13, 2004 —
RECONSIDERATION DENIED JUNE 28, 2004.

*Cynthia L. McDowell, Kenneth J. Jones, Lisa J. Krisher, Phyllis J. Holmen, Susan A. Reif*, for appellant.
*R. Hubert Reeves III*, for appellee.