HOME LIFE INSURANCE COMPANY *v.* ALLISON.

Opinion delivered February 25, 1929.

*T. D. Wynne* and *Chas. A. Miller*, for appellant.

*John T. Miller, Cole & Poindexter* and *S. M. Casey,* for appellee.

HUMPHREYS, J.    This suit was instituted by appellee against appellant in the circuit court of Independence County for permanent disability benefits under clause No. 2 of an insurance policy issued by appellant to appellee.   The clause is as follows:

"It is especially agreed that if the insured, while less than sixty years of age, and after the first year's premiums have been paid to the company on account of this policy, shall furnish proof satisfactory to the company, while the policy is in full force and effect, that he, from any cause originating after the delivery of this policy, shall have been permanently disabled or physically or mentally incapacitated to such an extent that he, by reason of such disability or incapacity, is rendered wholly and permanently unable to engage in any occupation or perform any work for any kind of compensation of financial value, the company, upon receipt and acceptance of such proof, will, by indorsement hereon, waive the payment of any premium or premiums that may become payable thereafter under this policy, except the premiums for double indemnity benefits. (2) If such disability was

sustained as above described and before the insured attained the age of sixty years, the company will pay to the life beneficiary the sum of ten dollars for each thousand dollars of the sum herein described as the sum insured, and will pay the same sum on the same day of every month thereafter as long as the policy remains in force.''

In addition to setting out the substance of the contract in the complaint, it was alleged that on the 15th day of January, 1926, appellee was taken sick with a serious disease which totally disabled him from engaging in any occupation and rendered him unable to perform his duties as a school-teacher or automobile merchant, which were occupations he had been engaged in; that such disability was permanent, and that he furnished proof to the company of such disability; that he demanded payment under said disability clause, and the payment was refused. The prayer of the complaint was for one hundred dollars per month from the 15th day of January, 1926, to date of judgment, together with 12 per cent. penalty and a reasonable attorney's fee.

A number of defenses were interposed to the alleged cause of action, but all were withdrawn except the defense that the cause of the disability complained of antedated the insurance policy by a period of seven or eight months.

The cause was tried to a jury on the 5th of June, 1928, upon the pleadings and testimony, at the conclusion of which each party requested a peremptory instruction. The court refused to instruct a verdict for appellant, over its objection and exception, and instructed a verdict for appellee in the sum of one hundred dollars per month from January 16, 1926, to the date of the trial. Upon the return of the verdict by the jury the court rendered a judgment in accordance therewith, and for an additional sum of three hundred and sixty dollars, being 12 per cent. statutory penalty, and an attorney's fee of five hundred dollars, from which is this appeal.

The facts responsive to the issue involved on this appeal are in substance as follows: In February, 1925, appellee concluded from certain symptoms, such as a

cold, aching pains and a slight temperature, that he had "flu." He was ill about a week, continued to teach school, had no attending physician, but treated himself. On June 20 following he applied for insurance with appellant, and during his medical examination informed appellant's examining physician that he had "flu" in February preceding. The physician questioned him closely relative to the symptoms, the length of time he was ill, whether he went to bed, whether he continued to teach, etc. After having answered truthfully as to all questions propounded to him, the physician told appellee he was mistaken about having "flu," and recommended him as an insurable risk to appellant, who issued a ten-thousand-dollar policy to him in September following, containing the permanent disability clause set out above. At the time of the application and on the day the policy was issued appellee was apparently sound in mind and body, and thought himself a well man. He continued to teach and work in the automobile business until January 16, 1926, at which time he was stricken with a severe illness, diagnosed as "sleeping sickness," which permanently disabled him. He was placed under the care of Dr. J. L. Green and his assistant, Dr. George B. Fletcher, of Hot Springs, both of whom testified that they were sure that appellee's disease was due to the attack of "flu" he had in February, 1925; but both agreed that the medical profession did not recognize the beginning of sleeping sickness, and were floundering for the real cause thereof.

Appellant contends for a reversal of the judgment because, in the opinions of the eminent physicians, Doctors Green and Fletcher, appellee's disease was attributable to the attack of "flu" he had had in 1925, and which antedated the issuance of the policy, and was therefore not covered by the disability clause therein. In support of this contention, appellant interprets the disability clause as meaning that, if appellee's disease originated from a cause antedating the delivery of the policy, it is exempt from liability thereunder. This would be indeed

a very narrow construction to give the language used, and the construction would be more favorable to the insurer than to the insured. Appellant limited its liability in the disability paragraph to any permanent disability "from any cause originating after the delivery of the policy." We think the word "cause" was used in the clause in the sense of "illness" or "disease," and meant, in the connection used, that appellant should be responsible for permanent disability resulting from an illness or disease originating after the delivery of the policy. Certainly the parties did not contract with reference to latent germs or seeds of disease or illness existing in the body prior to the delivery of the policy. We think that the parties contracted with reference to diseases or illnesses which should originate after delivery of the policy.

No error appearing, the judgment is affirmed.