STATE NATIONAL LIFE INSURANCE COMPANY *v.* STAMPER.

5-1547                                                     312 S. W. 2d 441

Opinion delivered April 28, 1958.

*Coleman, Gantt & Ramsay,* by *E. Harley Cox, Jr.,* for appellant.

*Reinberger & Eilbott,* for appellee.

SAM ROBINSON, Associate Justice. In June, 1954, the appellant, State National Life Insurance Company, sold to Clara E. Stamper a policy covering hospital and other expenses growing out of sickness or an accident. It is stipulated that if appellee is entitled to recover under the terms of the policy it is in the sum of $222. The cause was tried before the court sitting as a jury, and from a judgment in favor of the policyholder the insurance company has appealed.

The applicable provision of the policy is as follows: "State National Life Insurance Company . . . hereby insures the person named as Insured . . . and . . . promises to pay the Insured toward the expense actually incurred by the Insured . . . necessitated by . . . (b) sickness suffered while this policy is in force, the cause of which sickness originates after thirty days from the effective date of this policy . . ." The appellant contends that the cause of the insured's dis-

ability originated prior to thirty days following the effective date of the policy.

In July, 1955, a little over a year after Mrs. Stamper purchased the policy of insurance, she began to suffer pain in her neck and shoulders. At first she thought it was caused by her teeth, and had her teeth pulled, but this did not give relief. During most of her life she had a small bony growth or knot on the back of her head. Prior to July, 1955, she had suffered no ill effects whatever from this growth, but in August, 1955, it was determined that the bony growth had increased in size to the point where it was causing the pain suffered by Mrs. Stamper. According to the undisputed evidence the bony growth had not caused any trouble whatever until more than a year after the issuance of the policy of insurance, and it is apparent from the evidence that if this growth actually did cause Mrs. Stamper's trouble it did so because of increase in size subsequent to the time the policy was issued.

In *Home Life Ins. Co.* v. *Allison,* 179 Ark. 65, 68, 14 S. W. 2d 229, in holding that the insured was entitled to recover for disability due to sleeping sickness, although the cause of such sleeping sickness was an attack of flu occurring prior to the effective date of the policy, the Court said: ''Certainly the parties did not contract with reference to latent germs or seeds of disease or illness existing in the body prior to the delivery of the policy.'' There is an annotation on the subject in 53 A. L. R. 2d 687, and the weight of authority is that the sickness should be deemed to have had its inception at the time it first manifested itself or became active, or when sufficient symptoms existed to allow a reasonably accurate diagnosis of the case, so that recovery can be had, even though the disease, germs or infection was present in the body prior to the excluded time, if the condition was latent, inactive, and perhaps not discovered. In the case at bar it appears conclusive that Mrs. Stamper did not have any condition causing disability which manifested itself within thirty days from the effective date of the policy.

An attorney's fee in the sum of $100 was allowed by the trial court, and appellee asks that an additional fee be allowed for the appeal. We think the request should be granted in this case, and $100 additional is allowed.

Affirmed.