AMERICAN INS. CO. OF TEXAS *v.* NEAL.

5-2630                                          354 S. W. 2d 741

Opinion delivered March 5, 1962.

[Rehearing denied April 2, 1962.]

*Percy C. Fewell,* Dallas, Texas, and *Paul K. Roberts,* for appellant.

*Clint Hucy,* for appellee.

NEILL BOHLINGER, Associate Justice. The appellee brought this action to recover from the appellant a sum of money which she alleged was due under a 1955 insurance policy for expenses incurred by her in connection with hospital confinement and surgery in October, 1960.

The appellant, insurer, answered and denied liability on the grounds that the physical conditions which required hospitalization and surgery did not originate after October 20, 1955, which was six months after the effective date of its policy. The clauses under which this defense is interposed are as follows:

"PART A    HOSPITAL EXPENSE BENEFITS

(c)    Sickness, the cause of which originates more than six months after the effective date of this policy and which requires surgery; *   *   *

EXCEPTIONS REDUCTIONS WAITING PERIODS

WAITING PERIODS. 3. Loss, fatal or otherwise, resulting directly or indirectly from, or by, Tuberculosis, High or Low Blood Pressure, Heart Trouble, Cancer, Hernia or Rupture however caused, Rheumatism, Appendicitis, Rectal or Colon Trouble however caused, Adenoids or Tonsilitis, shall be covered only if the cause of the disease originates after this Policy shall have been in continuous force and effect for a period of six months from effective date. Loss due to any surgical operation, except in connection with accidental injury, shall be covered only if the cause of the disease necessitating such surgery originates after this Policy shall have been in continuous force and effect for a period of six months from effective date."

The proof in this case discloses that an operation was performed on the appellee for anterior and posterior perineal repair; that appellee filed a claim for hospitalization; and that appellee signed two forms in regard to her claim which were her Claimant's Statements—Hospital Coverage, and Individual Hospital Insurance Form, in which she designated the date of her first symptoms as July, 1947. It is evident that in 1947 the appellee underwent some treatment for the relief of certain complications. We are indebted to the appellant for an enlightening dissertation on the ills of women instant to childbirth, but whatever the 1947 treatment was designed to relieve seems to have been effective for the appellee states that she had not been troubled with the condition for which an operation was required until "the tomato season of 1960", which we interpret as July, 1960, at which date the policy was in force.

We think the facts in this case bring it squarely within the rule announced in *State National Life Insur-*

*ance Company* v. *Stamper*, 228 Ark. 1128, 312 S. W. 2d 441, wherein we had the following facts:

"In July, 1955, a little over a year after Mrs. Stamper purchased the policy of insurance, she began to suffer pain in her neck and shoulders. At first she thought it was caused by her teeth, and had her teeth pulled, but this did not give relief. During most of her life she had a small bony growth or knot on the back of her head. Prior to July, 1955, she had suffered no ill effects whatever from this growth, but in August, 1955, it was determined that the bony growth had increased in size to the point where it was causing the pain suffered by Mrs. Stamper. According to the undisputed evidence the bony growth had not caused any trouble whatever until more than a year after the issuance of the policy of insurance, and it is apparent from the evidence that if the growth actually did cause Mrs. Stamper's trouble it did so because of increase in size subsequent to the time the policy was issued."

The decision in the above case was in line with the decided weight of authority that the condition should be deemed to have had its inception either at the time it became active, or when sufficient evidence existed to allow a reasonably accurate diagnosis even though disease germs, infection, or physical condition might have been present in the body prior to the excluded time if the condition was latent, inactive, and perhaps undiscovered.

We think the question as to the date of the direct or contributing cause of the condition for which surgery was required was properly submitted to the jury under plaintiff's instruction number two. The instruction was as follows:

"You are further instructed that if you find from the preponderance of the evidence that the direct or contributing cause of the condition for which the plaintiff had surgery originated after October 20, 1955, then you will return a verdict for the plaintiff, unless you find for the defendant under other instructions of this case."

Under this instruction and the evidence in the case the jury could have found either way but the question as to the origin of the condition was fairly submitted to the jury and its finding we do not disturb.

Appellant contends that the appellee ''having recovered judgment for less than she demanded and sued for is not entitled to the penalty and attorneys' fee awarded by the judgment in this case.'' This contention is without merit.

The original complaint filed by appellee prayed for judgment in the sum of $285.50 but prior to trial the appellee amended the complaint and asked for $235.50, penalty and attorney's fee. This amended complaint the appellant answered and faced the court on a prayer for only $235.50. This amount the appellee recovered and she is therefore entitled to penalty, costs, and attorney's fee. The trial court allowed appellee's attorney the sum of $150.00 and counsel asks an additional fee on this appeal. Taking into consideration the fact that this case necessitated two trials, one in the municipal court and one in circuit court, we think the sum of $150.00 attorney's fee reasonable and an additional fee of $75.00 is allowed on this appeal.

**The judgment is in all things affirmed.**