494 P.2d 601 (1972)
Bessie S. WEST, Plaintiff-Appellee,
v.
The CREDIT LIFE INSURANCE COMPANY, Defendant-Appellant.
No. 71-200.
Colorado Court of Appeals, Div. II.
February 29, 1972.
*602 Marvin Dansky, Denver, for plaintiff-appellee.
Zarlengo, Mott & Carlin, William E. Shevlin, Denver, for defendant-appellant.
Selected for Official Publication.
PIERCE, Judge.
This is an appeal from a declaratory judgment wherein the court determined that plaintiff was entitled to full payment under a disability policy issued by defendant. We affirm.
In 1968, plaintiff purchased a new automobile and requested the car dealer to obtain financing, together with life and disability insurance coverage for the unpaid balance. The dealer informed plaintiff that he would obtain "good" insurance for her and made arrangements with defendant to issue a life and disability policy. The premiums therefor were included in the payments collected by the finance company. Plaintiff was informed by the dealer that the insurance had been purchased but she did not receive a policy from defendant until she requested a copy at the time of trial.
In 1969, plaintiff became totally disabled due to severe osteoarthritis in her shoulders, neck, back and hip. Defendant made one installment payment as provided by the insurance contract but refused to make further payments on the ground that plaintiff's disability was caused by a pre-existing condition. This suit was then filed.
The express wording of the policy in question provides coverage for disability due to sickness or disease "which is contracted and first manifested during the term of this policy." The evidence revealed that in 1965, plaintiff had indications of an osteoarthritic condition in her neck and shoulder and experienced some pain in that area when an air conditioner was installed in close proximity to her work station at her place of employment. She wore a plastic collar for a short period at that time, but was not absent from work. Her discomfort disappeared as soon as the air conditioning system was modified. Although his testimony was often contradictory, the only physician who testified could not state that when the 1965 symptoms disappeared the condition remained, merely becoming latent. He did testify, however, that the 1969 disablement was the result of an exacerbation of a latent condition.
It is settled law that when an exception to coverage contained in a policy of insurance is raised as an affirmative defense the burden of proof is then upon the insurer to establish that the exception is applicable. 44 Am.Jur.2d Insurance §§ 1966-1967. Assuming that plaintiff was bound by the exceptions and definitions stated in the instant policy, it was necessary for defendant to prove by a preponderance of evidence that the disease which caused the disability was contracted and first manifested prior to the effective date of the policy.
The medical witness did not substantiate a connection between the 1965 difficulty and the 1969 disability. He could not state that the 1965 discomfort became latent once the symptoms subsided. This evidence gave the trial court a sufficient basis for reaching its conclusion that the claimed 1969 disability was covered by the policy. American Insurance Co. v. Neal, 234 Ark. 784, 354 S.W.2d 741; State National Life Insurance Co. v. Stamper, 228 Ark. 1128, 312 S.W.2d 441.
The trial court's resolution of this factual matter is determinative and we need not answer the remaining questions raised by defendant's failure to deliver the policy.
Judgment affirmed.
COYTE and SMITH, JJ., concur.