## 27335. PARKER et al. v. AMERICAN FAMILY RECREATION CENTER, INC.

HAWES, Justice. American Family Recreation Center, Inc., sued James A. Parker, E. Napier Burson, Jr., and Lewis F. Hunter, Jr., seeking to enjoin them from foreclosing a junior deed to secure debt covering described tracts of land located in Henry County, Georgia. The trial court granted a temporary injunction and the defendants appealed. It appears without dispute that the right of the defendants to proceed with the foreclosure in question is asserted by them solely on the basis of an alleged default by the plaintiffs in the payment of the indebtedness secured by a senior deed to secure debt (hereinafter referred to as the Dougherty note and deed) which, under the terms of the defendants' note and deed, authorizes the acceleration of the maturity of the indebtedness owed to the defendants. Whether there was a default in the payment of an instalment of interest due on the Dougherty note and deed depends upon whether, under all the facts and circumstances appearing, the holder of the Dougherty note and deed impliedly authorized the plaintiff to pay the same by depositing in the mails a check drawn on solvent funds enclosed in an envelope addressed to such holder at Grand Island, Florida. While ordinarily payment by mail is at the risk of the sender, yet, where a creditor or his agent either expressly or impliedly authorizes the use of the mails for the making of payments due on the debt, the risk of non-delivery is upon the creditor. Code § 20-1003. *Jones v. Pacific Mut. Life Ins. Co.,* 57 Ga. App. 16 (194 SE 249); *McIntire v. Raskin,* 173 Ga. 746, 751 (161 SE 363). Briefly summarized, the relevant facts bearing on this question, and as shown by the affidavits and depositions filed in support of and in opposition to the grant of a temporary injunction are as follows: Plaintiff acquired the property in question from the defendants, paying therefor by assuming the payment of the Dougherty note and by paying the

defendants a sum in cash and giving to the defendants a deed to secure debt and notes for the balance due on the purchase price. While that note specifies on its face that payment shall be made thereon at Atlanta, Georgia, the record shows that only the initial payment made by the defendant was mailed to the holder of that note in Atlanta on August 23, 1967. All the remaining payments made by the defendants were mailed to the holder of the note at P. O. Box 127, Grand Island, Florida, and when the plaintiff assumed payment of the same the only information furnished to the plaintiff as to where the Dougherty note should be paid was that it should be paid to the holder at P. O. Box 127, Grand Island, Florida. The plaintiff made two payments by mailing the same to that address, though one of those payments was tendered late by reason of which the holder of the Dougherty note insisted on a substantial modification of its terms before agreeing to accept the same and waive the default. It is undisputed that the plaintiff, on August 13, 1971, mailed a check drawn on solvent funds to the holder of the Dougherty note and deed to cover the payment of interest due thereon on August 16, 1971. It is also undisputed that such check was never received by the holder of the Dougherty note and thereafter such holder declared the indebtedness to be in default and gave notice of the acceleration of the maturity of the entire indebtedness in accordance with its terms.

Under the facts shown by the affidavits and depositions an issue of fact was raised as to whether plaintiff was impliedly authorized by the holder of the Dougherty note to make payments by mail, or, stated in another way, whether the holder of the Dougherty note had impliedly constituted the United States Mails as her agent for the receipt of payments due thereon. If she had, then the posting by mail on August 13, 1971, of the payment due on August 16, 1971, which fact, as the record stands before this court, is undisputed, was a timely payment of the instalment of interest due on such note, and the plaintiff was therefore not in default in the payment of

the Dougherty note and the defendants were not authorized to foreclose their junior deed to secure debt on that account. This issue is one which can only be resolved by a jury, and the trial court did not abuse its discretion in granting the interlocutory injunction in order to preserve the status quo until that issue could be decided upon the final trial of the case.

*Judgment affirmed. All the Justices concur.*
ARGUED JULY 11, 1972—DECIDED OCTOBER 23, 1972.

*Grizzard & Simons, Steven J. Martin,* for appellants.
*Huie & Harland, Harry L. Cashin, Jr., Joe G. Davis, Jr.,* for appellee.