Claimants in the Matter of John P. BUT-
KOVICH (Deceased) and T.L. Printz
Construction Company, Petitioners,

v.

INDUSTRIAL COMMISSION of Colora-
do and State Compensation Insurance
Fund, Respondents.

Nos. 83CA1107, 83CA1113.

Colorado Court of Appeals,
Div. I.

May 17, 1984.

Rehearing Denied June 14, 1984.

Certiorari Denied Nov. 5, 1984.

Preston, Altman, Parlapiano, Keilbach & Lytle, John J. Keilbach, Adele Konkel, Pueblo, for petitioners Claimants in re Butkovich.

Ware & Marroney, Gerald A. Marroney, Pueblo, for petitioner T.L. Printz Const. Co.

Samuel H. Collins, William J. Baum, Denver, for respondent State Compensation Ins. Fund.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Mary Karen Maldonado, Asst. Atty. Gen., Denver, for respondent Industrial Com'n.

PIERCE, Judge.

Employer, T.L. Printz Construction Company, and the dependents of John P. Butkovich (claimants) seek review of a final order of the Industrial Commission finding that employer's policy of workmen's compensation insurance by the State Compensation Insurance Fund (Fund) had lapsed prior to Butkovich's fatal industrial accident. We set aside the order.

It was undisputed that Butkovich died as a result of injuries suffered in a work-related accident which occurred on July 22, 1981. The Fund had issued employer a workmen's compensation policy for the period September 24, 1980, to October 1, 1981. The policy was accompanied by a "quarterly adjustment endorsement" under which the employer was required each calendar quarter to submit a statement reporting all payments made to employees during the quarter and to pay the premium earned during the quarter.

Evidence was presented that employer was sent a notice of cancellation on February 24, 1981, stating that the Fund had not received the payroll statement and premium payment for the period from October 1, 1980, to December 31, 1980, and that the policy would be cancelled unless that statement and payment were received by March 9. The policy was then cancelled effective March 10, and a cancellation notice was sent to employer stating that the policy had been cancelled because of employer's failure timely to submit the required statement.

Employer's former secretary testified that she mailed the statement for the quarter ending December 31, 1980, to the Fund on February 27, 1981, but that the statement was returned to her shortly thereafter with the notation "N/C" written across the bottom. She further testified that she then mailed the statement a second time to the Fund, together with a check for $35, on March 6. The statement was date-stamped by the Fund only once on March 10, and a Fund underwriter testified that the Fund did not receive a quarterly statement until March 10. It appears that the quarterly premium actually due was approximately $840.

The hearing officer, after stating that "[t]he risk of non-persuasion rests on the employer," found that the policy was cancelled because of the failure of employer timely to submit a quarterly statement or to pay the premiums then and subsequently due. The hearing officer therefore dismissed the Fund as a party. The Industrial Commission affirmed the order.

## I.

On review, petitioners first contend that the Commission proceeded in excess of its jurisdiction in resolving the issue of coverage under the insurance policy, arguing that resolution of such contractual issues is committed exclusively to the state courts. We disagree.

Section 8–53–101, C.R.S. (1983 Cum. Supp.) provides that:

"The director and hearing officers employed by the division of hearing officers in the department of administration shall have original jurisdiction to hear and de-

cide all matters arising under articles 40 to 54 of [title 8]."

The authority of the Fund to operate as an insurance company and to enter into insurance contracts is set forth in § 8–54–101, et seq., C.R.S. *See Dye Construction Co. v. Industrial Commission*, 678 P.2d 1066 (Colo.App.1983). Hence, a hearing officer has authority to determine whether the conditions of coverage under a policy issued by the Fund are met. *See Dye Construction Co. v. Industrial Commission, supra. See also* 4 A. Larson, *Workmen's Compensation Law* § 92.40 (1983).

## II.

Petitioners contend next that the Commission erred in imposing the burden of proof upon the employer to establish insurance coverage. We agree.

■ Once the existence of a valid insurance contract has been established, the burden is upon the insurer to establish that the policy has lapsed. *Great-West Life Assurance Co. v. Levy*, 382 F.2d 357 (10th Cir.1967); 21 *J. Appleman, Insurance Law & Practice*, § 12097 (1980); *see West v. Credit Life Insurance Co.*, 30 Colo.App. 455, 494 P.2d 601 (1972). The proper allocation of the burden of proof is a substantial right of the parties, and it is reversible error if the burden is allocated improperly. *Atlantic & Pacific Insurance Co. v. Barnes*, 666 P.2d 163 (Colo.App.1983).

■ Here, it was undisputed that employer had entered into an enforceable insurance contract with the Fund. The burden was therefore upon the Fund to prove that the insurance contract had lapsed. The evidence was in sharp conflict, however, as to whether the quarterly statement was timely received, and there was testimony from the Fund's underwriter that the failure of employer to pay the proper amount of the premium for the fourth quarter did not by itself constitute a breach of the policy. Accordingly, the failure of the hearing officer to apply the proper burden of proof to the conflicting evidence concerning whether the insurance contract was breached was prejudicial error. *See Atlantic and Pacific Insurance Co. v. Barnes, supra.*

Since several of petitioners' remaining contentions may arise on remand, we address them here.

## III.

■ Petitioners contend that the Commission erred in failing to find that the Fund had adopted the postal authorities as its agent and in failing to conclude that placing the statement in the mail on March 6 constituted timely delivery to the Fund. We disagree.

Absent an express agreement or a course of dealing to the contrary, the mailing of a premium or a statement alone is not *per se* sufficient to constitute delivery thereof. *Thomason v. Schnorr*, 41 Colo.App. 546, 587 P.2d 1205 (1978). Here, the "Notice of Cancellation" expressly stated that the statement and premium had to be "received at this office" by March 9, 1981, in order to avoid cancellation. Under these circumstances, mailing within the renewal period was not in itself sufficient to avoid cancellation. *See Thomason v. Schnorr, supra.*

## IV.

■ Petitioners argue that the Fund lacked authority to cancel an insurance policy before the end of a term for failure to provide timely quarterly reports. This contention was addressed and rejected in *Dye Construction Co. v. Industrial Commission, supra.*

## V.

■ Petitioners contend also that the cancellation notice was deficient in that the insurance contract specified that cancellation was to take place at the date and time specified in the cancellation notice, but the cancellation notice failed to specify the hour the policy was to be cancelled. We disagree.

If a notice of cancellation suffers from a technical deficiency as to the stated time of cancellation, the notice is not void, but the insured is entitled to coverage during the full period provided for under the insurance contract. *Campbell v. Home Insurance Co.*, 628 P.2d 96 (Colo.1981); 17 *G.*

*Couch, Cyclopedia of Insurance Law,* § 67:169 (R. Anderson, 2d ed.1983).

Here, no prejudice to employer or claimants was either alleged or proven as a result of the failure of the notice to specify the hour of cancellation. Accordingly, the notice was sufficient to effect cancellation of the policy within the period specified by the insurance contract, which it is conceded did not extend to the time of the accident.

Petitioners' remaining contentions are without merit.

The order is set aside, and the cause is remanded for further proceedings consistent with the views set forth herein.

STERNBERG and BABCOCK, JJ., concur.