STATE COMPENSATION INSURANCE
FUND, Petitioner,

v.

BUILDING SYSTEMS, INC., The Indus-
trial Commission of the State of Colo-
rado and Lonnie Stenhaug, Respon-
dents.

No. 85CA0540.

Colorado Court of Appeals,
Div. III.

Dec. 19, 1985.

Russell A. Stanley, Pamela L. Musgrave, Samuel H. Collins, Denver, for petitioner.

Clifton & Lavinder, P.C., Diane Murley, Denver, for respondent Building Systems, Inc.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H.

Forman, Sol. Gen., Robert C. Lehnert, Asst. Atty. Gen., Denver, for respondent Industrial Comn.

No appearance for respondent Lonnie Stenhaug.

METZGER, Judge.

In this workmen's compensation case, the State Compensation Insurance Fund (SCIF) seeks review of a final order of the Industrial Commission holding that Building Systems, Inc. (employer) was insured by SCIF at the time of an injury to Lonnie Stenhaug (claimant). We affirm.

The claimant suffered a compensable injury at 9:30 a.m. on December 1, 1982. Although SCIF initially admitted liability, it later contested liability, asserting that the employer was not insured at the time of the claimant's injury.

The employer had been insured by SCIF since November 1978. On November 17, 1982, SCIF sent a "notice of cancellation" to the employer stating that SCIF had not received employer's payroll report and premium payment for the period of July 1, 1982, through September 30, 1982, which report and payment were due no later than October 20, 1982. The notice further stated that if the report and payment were not received by SCIF by November 30, 1982, "your policy will be cancelled effective Dec[ember] 1, 1982 without further written notice." When the employer failed to comply with that notice, SCIF sent a "cancellation notice" dated December 1, 1982, which stated, "your policy was cancelled effective December 1, 1982 for failure to submit the payroll report for the 3rd quarter of 1982."

The cancellation provision of the insurance policy provided that SCIF could cancel the policy by mailing "written notice stating when not less than ten days thereafter such cancellation shall be effective." That provision further provided that "the effective date and hour of cancellation stated in the notice shall become the end of the policy period."

The hearing officer found that the policy was cancelled effective December 1, 1982, at 12:01 a.m., and concluded that the employer was not insured by SCIF at 9:30 a.m., the time of the claimant's injury. The Commission reversed the hearing officer's finding, concluding that there was no evidentiary basis for it. The Commission further concluded, in reliance on *Butkovich v. Industrial Commission*, 690 P.2d 257 (Colo.App.1984), that the failure of the November 17, 1982, notice of cancellation to state the effective hour and minute of cancellation, as required by the policy, rendered the notice technically deficient. Accordingly, the Commission held that, because of the deficiency, the policy was in effect until 11:59 p.m. on December 1, 1982 and, thus, the employer was insured at the time of the claimant's injury.

### I.

Relying on § 8–53–111(7), C.R.S. (1985 Cum.Supp.), SCIF contends that the Commission exceeded its authority in reversing the hearing officer's findings. We disagree.

■ The effective date and time of cancellation of an insurance policy is a finding of ultimate fact. *See Baca v. Helm*, 682 P.2d 474 (Colo.1984). Accordingly, the Commission did not exceed its authority under § 8–53–111(7), C.R.S. (1985 Cum. Supp.) in reversing the hearing officer's decision.

### II.

SCIF next contends that the clear meaning of "effective December 1, 1982" in the cancellation notice means 12:01 a.m. on December 1, 1982. It argues that, since the original policy included dates and times of coverage, the notice of cancellation was not deficient for failure to state a time. Again, we disagree.

Public policy considerations require strict compliance with the cancellation provisions of an insurance policy. 17 G. Couch, *Cyclopedia of Insurance Law* §§ 69:59 and 69:60 (R. Anderson 2d ed. 1983). Here, we agree with the Commission that the notice of cancellation was deficient because it failed to specify the hour of cancellation as specifically required by the cancellation provision of the insurance policy. *See Butkovich v. Industrial Commission, supra.* Nor will we, as SCIF requests, graft the policy's effective date provision, stating dates and times, onto its otherwise deficient cancellation provision so as to render the latter legally sufficient. *See Moynes v. National Surety Corp.*, 272 F.2d 835 (7th Cir.1959). *See Bankers Life & Casualty Co. v. Leary*, 387 F.2d 564 (8th Cir.1967).

In *Moynes v. National Surety Corp., supra,* the cancellation provision of a mercantile robbery insurance policy only required written notice of the effective date of cancellation. The insurer issued a cancellation notice stating *"cancellation effective* March 10, 1958." (emphasis added) The insured was robbed at 6 p.m. on March 10, 1958. The court held since no time of cancellation was specified, the policy remained in force until midnight on March 10, 1958, and the robbery was covered. The language of the cancellation notice—cancelled effective a given date—is indistinguishable from the operative language of the cancellation notice here.

In *Conley v. Ratayzcak*, 92 Ill.App.3d 29, 414 N.E.2d 500 (1980), the cancellation notice stated, "This policy is cancelled 01/27/78...." The court held that failure to state the effective hour of cancellation, as required by the policy, caused the policy to be in effect for the entire day of 1/27/78, and concluded that a loss occurring at 6:45 p.m. was covered.

■ Thus, applying the rationales of *Moynes v. National Surety Corp., supra,* and *Conley v. Ratayzcak, supra,* and the principle that the law generally does not recognize fractions of a day, *see Grizzly Bar, Inc. v. Hartman*, 169 Colo. 178, 454 P.2d 788 (1969), we hold that SCIF's failure

to specify the time of effective cancellation results in coverage being in effect until midnight on December 1, 1982. To hold otherwise would reward SCIF for its failure to comply strictly with the terms of its own policy. Accordingly, the Commission was correct in determining that the employer was insured by SCIF at the time of the claimant's injury.

Order affirmed.

BERMAN and TURSI, JJ., concur.