In re METRO PRODUCE, INC., Debtor.

Paul H. ANDERSON, Jr., as
Trustee, Plaintiff,

v.

OCEAN GARDEN PRODUCTS,
INC., Defendant.

Bankruptcy No. 84–03619A.
Adv. No. 86–0653A.

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

Dec. 7, 1987.

filed by the parties, statements of material facts and oral arguments made at the hearing, the court makes the following findings of fact and conclusions of law.

## FINDINGS OF FACT

In the first half of April 1984, debtor placed with defendant two purchase orders for frozen seafood, the total purchase price for both orders being $16,175.00. The frozen seafood was delivered on April 17, 1984 to debtor at its place of business in Marietta, Georgia. A sales invoice for each of the two purchase orders was generated by defendant and delivered to debtor. Each invoice instructed debtor to mail its payment to defendant.

On May 4, 1984, debtor issued its check number 022975 to defendant's order in the amount of $16,175.00. On May 30, 1984, it mailed the check to defendant's address shown on the invoices, which was a lock box leased from The Northern Trust Company in Chicago, Illinois for receipt of its accounts receivable. Debtor's check was received in the lock box on June 2, 1984, and was honored by its bank on June 4, 1984.

J. Brooke Houston, Gambrell, Clarke, Anderson & Stolz, Atlanta, Ga., for plaintiff.

Michael D. Breslauer, Gray, Cary, Ames & Frye, San Diego, Cal., Bruce Weddell, Powell, Goldstein, Frazer & Murphy, Atlanta, Ga., for defendant.

## ORDER

STACEY W. COTTON, Bankruptcy Judge.

Plaintiff-trustee brought this adversary proceeding seeking to avoid debtor's preferential transfer to defendant. The cross motions for summary judgment of plaintiff-trustee and defendant came on for hearing before the court on August 3, 1987. The court finds this matter constitutes a core proceeding within the meaning of 28 U.S.C. Section 157(b)(2)(F). After considering the briefs and other documents

## CONCLUSIONS OF LAW

Plaintiff-trustee moved for summary judgment on the ground that as a matter of law the transfer of debtor's property to defendant evidenced by debtor's check satisfied all of the elements of a voidable preference set forth in 11 U.S.C. Section 547(b) and that none of the exceptions to the trustee's avoidance power were applicable. Defendant moved for summary judgment on the ground that as a matter of law the transfer satisfied all of the elements of the "ordinary course of business" exception set forth in 11 U.S.C. Section 547(c)(2). The parties entered into a Stipulation of Facts that all of the elements of a voidable preference were present. The parties further stipulated to all of the elements of the "ordinary course of business" exception, except Section 547(c)(2)(B), which provides that the trustee may not avoid a transfer to the extent that such transfer was made not

later than forty-five days after such debt was incurred.[1]

 The determination of whether a transfer was made not later than forty-five days after the debt was incurred necessarily requires a determination of two dates, one being the date on which the debt was incurred and the other being the date on which the transfer was made. The parties in their respective briefs agreed, and the court concurs, that the debt was incurred on April 17, 1984, the date the frozen seafood was delivered to debtor's place of business in Marietta, Georgia. Debtor received and accepted the frozen seafood and thereby became obligated to pay defendant on that date. The sole remaining issue, then, is the date on which the transfer was made pursuant to Section 547(c)(2).

Plaintiff-trustee asserts that the transfer from debtor to defendant was made on June 4, 1984, the date on which debtor's check was honored by its bank. If so, the transfer was made forty-eight days after the debt was incurred and defendant cannot avail itself of the "ordinary course of business" exception. His fall-back position is that at the earliest the transfer was made on June 2, 1984, the date on which defendant's agent, The Northern Trust Company, received debtor's check in defendant's lock box. If made on June 2, 1984, then the transfer was made forty-six days after the debt was incurred and, again, defendant cannot avail itself of the "ordinary course of business" exception.

Defendant argues that the transfer from debtor to the defendant was made on May 30, 1984, the date on which debtor placed its check in the United States mail. If made on May 30, 1984, then the transfer was made forty-three days after the debt was incurred, and Section 547(c)(2)(B) would be satisfied, thus excepting debtor's payment to defendant from the trustee's avoidance power.

The courts are split regarding when a check is transferred for purposes of Section 547(c)(2). Under the first view, the date of delivery constitutes the date of transfer. *Kupetz v. Elaine Monroe Associates (In re Wolf & Vine )*, 825 F.2d 197, 200–01 (9th Cir.1987); *Bernstein v. RJL Leasing (In re White River Corp.)*, 799 F.2d 631, 633–34 (10th Cir.1986); *O'Neill v. Nestle Libbys P.R., Inc.*, 729 F.2d 35, 37–38 (1st Cir.1984); *Gulf Oil Corp. v. Banque de Paris et des Pays–Bas (In re Fuel Oil Supply and Terminaling, Inc.)*, 72 B.R. 752, 763–64 (S.D.Tex.1987); *Bonapfel v. Venture Mfg. Co. (In re All American of Ashburn, Inc.)*, 65 B.R. 303, 305 (Bankr.N.D.Ga.1986); *Remes v. Acme Carton Corp. (In re Fasano/Harriss Pie Co.)*, 43 B.R. 871, 874–76 (Bankr.W.D.Mich.1984); *Tidwell v. Atlanta Gas Light Co. (In re Georgia Steel, Inc.)*, 38 B.R. 829, 833–34 (Bankr. M.D.Ga.1984); *Bonapfel v. Duo–Fast Corporation, Southeast Sales and Service Division (In re All American of Ashburn, Inc.)*, Adv. No. 86–0084A, Case No. 83–03719A (Bankr.N.D.Ga. April 17, 1986) (Drake, B.J.); *Roberson Produce Company, Inc. v. Northern Potato Sales, Inc. (In re Roberson Produce Company, Inc.)*, Adv. No. 84–0070A, Case No. 82–00237A (Bankr.N.D.Ga. Nov. 14, 1984) (Drake, B.J.).

These decisions generally rely on the legislative debates concerning Section 547(c)(2) quoted herein as follows:

> Contrary to language contained in the House Report, payment of a debt by means of a check is equivalent to a cash payment, unless the check is dishonored. Payment is considered to be made when the check is delivered for purposes of sections 547(c)(1) and (2).

124 Cong.Rec. S17414 (daily ed. Oct. 6, 1978) (statement of Sen. DeConcini); 124 Cong.Rec. H11097 (daily ed. Sept. 28, 1978) (statement of Rep. Edwards). This interpretation is also consistent with the policy considerations behind Section 547(c)(2) of encouraging continued dealings with the debtor by insulating normal business transactions from the trustee's avoiding powers. *Begier v. Krain Outdoor Advertising, Inc.*

---

1. The entire sequence of events relevant to this case occurred prior to the effective date of the Bankruptcy Amendments and Federal Judgeship Act of 1984, P.L. 98–353, 98 Stat. 378 (1984), which eliminated the "forty-five day rule" applicable here.

(*In re American International Airways, Inc.*), 68 B.R. 326, 335 (Bankr.E.D.Pa.1986); *Lancaster v. Morristown Block & Concrete Products* (*In re Compton*), 55 B.R. 180, 182–83 (Bankr.E.D.Tenn.1985). Furthermore, this approach is in "accord with commercial reality '[s]ince checks are normally considered present payments between parties.'" *In re Fasano/Harriss Pie Co.*, 43 B.R. at 875 (quoting *O'Neill*, 729 F.2d at 37).

The second view reasons that the date the check is honored constitutes the date of transfer. *Nicholson v. First Investment Co.*, 705 F.2d 410, 412–13 (11th Cir.1983) (construing the Bankruptcy Act); *Hartwig Poultry, Inc. v. CW Service* (*In re Hartwig Poultry, Inc.*), 70 B.R. 748, 751–52 (Bankr.N.D.Ohio 1987); *Brooks Shoes Mfg. Co. v. Metropolitan Edison Co.* (*In re Naudain, Inc.*), 32 B.R. 871, 874 (Bankr.E.D.Pa.1983); *Grogan v. Chesebrough-Ponds, Inc.* (*In re Advance Glove Mfg. Co.*), 25 B.R. 521, 524–29 (Bankr.E.D.Mich.1982). This interpretation is based on the presumption that, absent an express intent of Congress to the contrary, a check is a credit transaction.

■ The third view applies Section 547(e)(2) as controlling. Courts embracing this view hold that if the check is honored within ten days of delivery the date of transfer relates back to the date of delivery; otherwise, the date of honor is the date the transfer occurs. *McClendon v. Cal–Wood Door* (*In re Wadsworth Building Components, Inc.*), 711 F.2d 122, 123 (9th Cir.1983); *Eisenberg v. J L International, Ltd.* (*In re Sider Ventures & Services Corp.*), 33 B.R. 708, 710 (Bankr.S.D.N.Y.1983), *aff'd*, 47 B.R. 406 (1985). This court rejects that approach because it is not convinced that Section 547(e)(2) applies beyond the scope of secured transactions in situations like the case at bar. *See In re Fasano/Harriss Pie Co.*, 43 B.R. at 875.

■ This court believes that the better rule holds that for purposes of Section 547(c)(2) the date of delivery of a check constitutes the date of transfer. Accordingly, delivery of a check within forty-five days after the debt is incurred satisfies the Section 547(c)(2) exception provided the check is presented within a commercially reasonable time and is honored upon presentment. This is true even when the actual payment occurs outside the forty-five day period. *See Bonapfel v. Venture Mfg. Co.* (*In re All American of Ashburn, Inc.*), 65 B.R. 303, 305 (Bankr.N.D.Ga.1986); *Bonapfel v. Duo–Fast Corporation, Southeast Sales and Service Division* (*In re All American of Ashburn, Inc.*), Adv. No. 86–0084A, Case No. 83–03719A (Bankr.N.D.Ga. April 17, 1986) (Drake, B.J.); *Roberson Produce Company, Inc. v. Northern Potato Sales, Inc.* (*In re Roberson Produce Company, Inc.*), Adv. No. 84–0070A, Case No. 82–00237A (Bankr.N.D.Ga. Nov. 14, 1984) (Drake, B.J.).

■ Having determined that the date of delivery constitutes the date of transfer for purposes of Section 547(c)(2), the court must next determine when delivery of payment occurred in the case at bar. In making this determination, case law holds "[t]hough the issue of when a transfer is complete is a federal question, it must be decided by reference to state law." *Olsen–Frankman Livestock Marketing Service, Inc. v. Citizens National Bank*, 4 B.R. 809, 812–13 (D.Minn.1980), citing *McKenzie v. Irving Trust Co.*, 323 U.S. 365, 65 S.Ct. 405, 89 L.Ed. 305 (1945). *See also In re Sider Ventures & Services Corp.*, 33 B.R. at 710.

In *Parker v. American Family Recreation Center, Inc.*, 229 Ga. 633, 193 S.E.2d 830 (1972), the Georgia Supreme Court held that delivery of a payment occurs upon mailing when the payee has authorized use of the mail for payment. In reaching this conclusion, the court examined former O.C.G.A. Section 20–1003, now O.C.G.A. Section 13–4–41, and stated, "[w]hile ordinarily payment by mail is at the risk of the sender, yet, where a creditor or his agent either expressly or impliedly authorizes the use of the mails for the making of payments due on the debt, the risk of non-delivery is upon the creditor." *Parker*, 229 Ga. at 633, 193 S.E.2d at 831. Further, in *McIntire v. Raskin*, 173 Ga. 746, 751–52, 161 S.E. 363

(1931), the Georgia Supreme Court held that delivery of a check occurred on its mailing when such was done at the direction, either express or implied, of the payee.

Other authorities have examined this issue of when delivery occurs and state as follows:

Delivery may be made by mail, in which case, if so delivered at the request of the payee, the delivery is complete when the instrument is placed in the mail ... On the other hand, if not so sent at the request of the payee, the instrument is not delivered until received.

10 C.J.S., *Bills and Notes*, Section 78 (1938 & Supp.1987); *See also* 70 C.J.S., *Payment*, Section 7 (1987); 60 Am.Jur.2d, *Payment*, Sections 11 and 17 (1972 and Supp. 1987).

The time of delivery of a negotiable instrument is considered to be the time the instrument is put in the mail by the obligor, rather than the time the instrument is received by the obligee, at least in any instance where the instrument is mailed at the direction of the obligee.

*Brady on Bank Checks*, Section 5.7 (5th ed. and 1987 Cumulative Supplement No. 2) *See also In re Sider Ventures*, 33 B.R. at 710; *First Security Bank of Bozeman v. Goddard*, 181 Mont. 407, 593 P.2d 1040, 1044–45 (1979).

■ The general rule then is that, in situations when a check is mailed at the direction of the payee, the time of delivery is the time the check is put in the mail by the payor. In the case at bar, debtor clearly mailed the check at the direction of defendant. Both of defendant's invoices specifically stated "FOR THE ACCOUNT OF OCEAN GARDEN PRODUCTS MAIL REMITTANCE TO P.O. BOX 75227 CHICAGO, IL 60675." (See Exhibits A and B). Further, it was the parties course of dealing to make and receive payments by mail. (See Coleman Declaration). Based on this examination of Georgia law and other authorities on the matter this court concludes that in this situation delivery under Section 547(c)(2) occurred when debtor placed its check to defendant in the mail on May 30,

1984. The debt was incurred on April 17, 1984 and the transfer occurred on delivery on May 30, 1984. As a result, the transfer is not preferential because it falls within the forty-five day safe harbor of Section 547(c)(2). Accordingly, it is

ORDERED that defendant's summary judgment motion is GRANTED and plaintiff-trustee's summary judgment motion seeking avoidance of debtor's transfer to defendant as preferential is DENIED.

IT IS SO ORDERED.