Theodore W. WERNE, Plaintiff–Appellee,

v.

Robert M. BROWN and D'Arla Brown, Defendants–Appellants.

No. 96CA2218.

Colorado Court of Appeals, Div. I.

March 19, 1998.

Coleman, Jouflas & Williams, Joseph Coleman, John Williams, Grand Junction, for Plaintiff–Appellee.

Joseph A. Hambright, Grand Junction, Netzorg & McKeever, P.C., J. Nicholas McKeever, Jr., Denver, for Defendants–Appellants.

Opinion by Judge DAVIDSON.

Defendants, Robert M. and D'Arla Brown, appeal from the summary judgment entered in favor of plaintiff, Theodore W. Werne. We reverse and remand with directions.

This action arises out of a lease and option to purchase contract the parties entered into with regard to more than 1100 acres of land located in Mesa County, Colorado. Plaintiff resided in Kentucky and defendants resided in western Colorado.

Defendants failed to make a $30,000 rental payment for the 1995 calendar year that was due on November 30, 1995. As required in the lease, plaintiff sent defendants a written notice of default on December 4, 1995. Defendants had 30 days from that date to cure their default.

On January 2, 1996, 29 days after the notice of default had been sent, defendants sent a cashier's check for $30,000 to plaintiff by registered mail. The check, however, apparently was not received by plaintiff until January 9, 1996. In the meantime, on January 5, 1996, plaintiff sent defendants a letter notifying them that the lease was terminated, effective January 4, 1996, for failure to pay timely the required rent. Plaintiff subsequently returned the $30,000 check.

Thereafter, plaintiff filed this action seeking declaratory relief that the lease was terminated and that he was entitled to possession. Plaintiff also sought daily rental for the premises through the date of termination as well as his attorney fees and costs. Defendants counterclaimed for specific performance and damages, asserting that they had timely cured the default.

Plaintiff moved for summary judgment, arguing that defendants' failure to pay the $30,000 annual rental payment within 30 days of the written notice of default constituted grounds for termination of the lease. Conversely, defendants argued that the timely mailing of the payment before the expiration of the 30–day period cured the default even if the funds were not received by plaintiff until after that period had ended.

The trial court determined that, by the terms of the lease, payment by mail was not authorized. Therefore, the court concluded, defendants' payment was not effective when mailed, but rather, was required to have been received by plaintiff within the 30–day period to be timely. Thus, the court ruled that plaintiff had the right to terminate the lease and take possession of the property. The court awarded plaintiff $29,095.26 in damages as rent, plus costs and attorney fees. The court also entered judgment in favor of plaintiff on defendants' counterclaims.

On appeal, defendants argue that the trial court erred in determining that payment by mail was not expressly or implicitly autho-

rized. We conclude that a genuine issue of material fact exists with regard to this issue.

### A.

■ Generally, payment by mail is not effective until receipt by the creditor, unless the creditor expressly, by implication, or through a course of dealing, directs or consents otherwise. If payment by mail is directed or authorized by the creditor, however, the time of delivery is the time that the payment, properly addressed with postage prepaid, is put in the mail. *Buffalo Pipeline Co. v. Bell,* 694 S.W.2d 592 (Tex.App.1985).

Divisions of this court have recognized this principle in insurance contract cases involving the delivery of insurance premium payments. *See . Butkovich v. Industrial Commission,* 690 P.2d 257 (Colo.App.1984); *Thomason v. Schnorr,* 41 Colo.App. 546, 587 P.2d 1205 (1978).

Plaintiff argues that, even if it is otherwise appropriate in order to avoid forfeiture or lapses in insurance coverage, we should not recognize this so-called "deposit payment" rule in the circumstances here. However, we find no reason not to do so.

When use of the mail has been directed or authorized, the vast majority of courts, acknowledging the risk inherent in using the mail, have allocated that risk to the party in control of the transaction. These courts have done so in a variety of circumstances. *See DeMarion Janitorial Services, Inc. v. Universal Development Corp.,* 625 F.Supp. 1353 (N.D.Miss.1985); *American River Lines, Inc. v. Central Soya Co.,* 524 F.Supp. 246 (N.D.Miss.1981); *In re Metro Produce, Inc.,* 80 B.R. 570 (Bankr.N.D.Ga.1987); *Blumer v. Kirkman Corp.,* 38 Cal.2d 480, 241 P.2d 17 (1952); *Parker v. American Family Recreation Center, Inc.,* 229 Ga. 633, 193 S.E.2d 830 (1972); *Hoch v. Hitchens,* 122 Mich.App. 142, 332 N.W.2d 440 (1982); *Balmoral Arms v. Rutkin,* 104 N.J.Super. 354, 250 A.2d 50 (1969). *Cf.* 1 A. Corbin, *Contracts* § 3.24 at 436 (1993) (discussing "mail box" or "deposit acceptance" rule used in formation of contracts); *Jameson v. Foster,* 646 P.2d 955 (Colo.App.1982) ("deposit acceptance" rule).

This seems inherently reasonable. Because of the nature of mail transmittal, the risk of delay or nondelivery necessarily must be borne either by one party or the other. And, we agree with these other courts that the party in control of the method of payment, if it has directed the use of the mail, should bear such risk. Certainly, that party can avoid such consequences by clearly specifying that, even if use of the mail is permissible, only the actual receipt of payment will be effective. *See Butkovich v. Industrial Commission, supra* (notice provided that payment must be "received at this office" on date certain to avoid cancellation); *Dalton Buick, Oldsmobile, Pontiac, Cadillac, Inc. v. Universal Underwriters Ins. Co.,* 245 Neb. 282, 512 N.W.2d 633 (1994)(deposit payment rule inapplicable when policy language clearly provides to the contrary).

### B.

■ Having determined that the "deposit payment" rule is applicable here, we turn to the question whether the trial court's entry of summary judgment on the grounds that plaintiff had not authorized payment by mail was proper. We conclude that it was not.

Summary judgment is appropriate only when the pleadings, affidavits, depositions, or admissions establish that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *See Cung La v. State Farm Automobile Insurance Co.,* 830 P.2d 1007 (Colo.1992).

■ Interpretation of a written contract is a question of law for the court. *See Colard v. American Family Mutual Insurance Co.,* 709 P.2d 11 (Colo.App.1985). If there is no ambiguity, a contract will be enforced according to the express provision of the agreement. *See GTM Investments v. Depot, Inc.,* 694 P.2d 379 (Colo.App.1984). However, when an ambiguity exists, the trial court must consider extrinsic evidence to determine the intent of the parties. *Pepcol Mfg. Co. v. Denver Union Corp.,* 687 P.2d 1310 (Colo.1984).

Here, the lease agreement provided that the rent was to be paid:

[T]o Lessor at the address specified in this Lease, or at such other place as Lessor may from time to time designate in writing. . . .

The only provision in the lease that set forth a specified address for the lessor provided as follows:

All notices to be sent under the within instrument shall be deemed to have been duly given as and when deposited in the United States mail, certified, return receipt requested, properly stamped and addressed to the party for whom intended at the address of such party stated below:

| Lessor: | Lessee: |
|---------|---------|
| Theodore W. Werne | Robert M. Brown |
| P.O. Box 4416 | D'Arla R. Brown |
| Winchester, KY 40392 | Route 1 Box 350 |
| | Collbran, CO 81624 |

In October 1995, plaintiff moved and his attorney sent the following notice to defendants:

My client, Theodore W. Werne, has asked me to notify you of his new (and current) mailing address. Mr. Werne's address is 396 Hunter Drive, Lancaster, Kentucky 40444. All notices and/or payments pursuant to your various agreements with Mr. Werne should be sent to this address unless further notified otherwise.

As the trial court noted, the lease contained no express provision authorizing payment by mail. Importantly, however, the lease, as drafted by plaintiff's attorney, directed that payments were to be made to plaintiff at the address specified in the lease which, as noted, was an out-of-state post office box. Further, the notification quoted above specified a new Kentucky street address to which "payments" were to be "sent."

By initially providing that payment was to be made to a post office box, which implicitly requires that the payment be mailed, and subsequently directing that all payments should be *sent* to the new address, albeit a street address, we conclude that a genuine issue of material fact exists whether payment by mail was directed or authorized. Hence, we conclude, the entry of summary judgment in favor of plaintiff was improper.

Insofar as the trial court entered judgment on defendants' counterclaims based on its

entry of summary judgment, this determination must also be reversed.

In view of our disposition, we need not address defendants' remaining contentions.

The judgment is reversed and the cause is remanded for further proceedings consistent with this opinion.

METZGER and ROY, JJ., concur.