## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Mar 27 2020, 9:11 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Kay A. Beehler
Attorney at Law
Terre Haute, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Marjorie Lawyer-Smith
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Gary Sturgeon-Morris, Jr.,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

March 27, 2020

Court of Appeals Case
No. 19A-CR-2824

Appeal from the
Greene Superior Court

The Honorable
Dena A. Martin, Judge

Trial Court Cause No.
28D01-1904-F3-4

**Vaidik, Judge.**

# Case Summary

[1] Gary Sturgeon-Morris, Jr., appeals his five-and-a-half-year sentence for Level 5 felony possession of methamphetamine, challenging the trial court's finding of aggravators and mitigators. We affirm.

# Facts and Procedural History

[2] On April 12, 2019, a Greene County sheriff's deputy pulled Sturgeon-Morris over. At the time, Sturgeon-Morris was on probation and had a suspended license and an outstanding warrant. He was arrested, and an inventory search of his car yielded methamphetamine, zip lock bags, digital scales, syringes, and a rifle.

[3] The State charged Sturgeon-Morris with Level 3 felony dealing in methamphetamine, Level 6 felony possession of a syringe, Level 6 felony identity deception, and Class A misdemeanor driving while suspended. A few months later, Sturgeon-Morris agreed to plead guilty to an added count—Level 5 felony possession of methamphetamine—in exchange for the dismissal of the four original charges and Cause Number 28D01-1902-F6-49 (in which Sturgeon-Morris was charged with Level 6 felony possession of methamphetamine). Sentencing was left to the discretion of the trial court, except that the court was required to recommend Sturgeon-Morris for enrollment in a program called Recovery While Incarcerated ("RWI").

[4] In sentencing Sturgeon-Morris, the trial court identified three aggravating circumstances: Sturgeon-Morris's criminal history, which includes a felony burglary conviction in 2010 and a felony fraud conviction in 2017; the fact that Sturgeon-Morris was on probation at the time of this offense; and the fact that Sturgeon-Morris has done poorly on probation in the past. In discussing Sturgeon-Morris's criminal history, the court included "things that have been dismissed[.]" Tr. p. 23. The court found Sturgeon-Morris's guilty plea and acceptance of responsibility to be a mitigating circumstance. The court imposed an above-advisory sentence of five-and-a-half years in the Department of Correction but recommended Sturgeon-Morris for RWI and said it would consider a sentence modification upon successful completion of that program.

[5] Sturgeon-Morris now appeals.

# Discussion and Decision

[6] Sturgeon-Morris first contends that the trial court erred by including in its consideration of aggravating circumstances the existence of prior criminal charges that were dismissed. But as the State notes, Indiana's appellate courts have repeatedly recognized that a record of arrests and criminal charges is relevant to sentencing because its reveals that "subsequent antisocial behavior on the part of the defendant has not been deterred even after having been subject to the police authority of the State and made aware of its oversight of the activities of its citizens." *Tunstill v. State*, 568 N.E.2d 539, 545 (Ind. 1991); *see also Pickens v. State*, 767 N.E.2d 530, 534 (Ind. 2002); *Monegan v. State*, 756

N.E.2d 499, 503 (Ind. 2001); *Zavala v. State*, 138 N.E.3d 291, 301 (Ind. Ct. App. 2019), *trans. denied*. Sturgeon-Morris makes no effort to distinguish that caselaw, and he does not cite any caselaw to the contrary. As such, we cannot say that the trial court erred in this regard.

[7] Sturgeon-Morris also argues that the trial court should have found "his remorse, and more importantly, [his] desire to change the trajectory of his life and behavior" to be a mitigating factor. Appellant's Br. p. 6. We first note that Sturgeon-Morris did not ask the trial court to find this mitigator, so his argument is waived. *See Anglemyer v. State*, 868 N.E.2d 482, 492 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007). Waiver notwithstanding, his argument fails. The only evidence Sturgeon-Morris cites is his own testimony that he knows he has a drug problem, that he wants to get help, and that he wants to be able to support his children. We are confident that the trial court had this testimony in mind when it found as a mitigator that Sturgeon-Morris was accepting responsibility.

[8] Affirmed.

May, J., and Robb, J., concur.